Commonwealth ex rel. Jesse Pugh, Petitioner *v.* Alfred T. Rundle, Superintendent of Gaterford and Paul J. Gerner, Chairman of the Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, November 30, 1975, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Robert A. Greevy*, Assistant Attorney General, with him *J. Andrew Smyser*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for respondents.

*Jesse Pugh*, petitioner, for himself.

Opinion by President Judge Bowman, December 12, 1975:

A single legal issue emerges from sundry pro se "pleadings" filed by petitioner in this case and from the Commonwealth's responses thereto. Petitioner asserts that he was denied his *Tinson*[1] rights at a January 23, 1969, recommitment hearing conducted by the Pennsylvania Board of Probation and Parole (Board), in which

---

1. *Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969), filed January 15, 1969. It is unlikely that the Board was even aware of *Tinson* prior to its January 23, 1969, meeting just eight days later, particularly when it was not a party in that case.

petitioner was found to be a technical parole violator. The Commonwealth responds that petitioner's "pleadings" as stated have been mooted for the reason that he was subsequently reparoled.

The undisputed facts disclose the history and events leading to this litigation and those which followed.

After pleading guilty to a charge of aggravated robbery, petitioner was sentenced to a term of three to fifteen years, effective May 23, 1956, with a minimum expiration date of May 23, 1959, and a maximum expiration date of May 23, 1971. (No. 1477 May Term, 1956, O. & T. Phila. County.)

After release on parole by the Board on August 23, 1959, petitioner was arrested and convicted on a Federal charge of bank robbery. He was sentenced to Federal prison for a term of three years and became available to the Board on October 2, 1964.

On October 29, 1964, petitioner was interviewed by the Board and subsequently recommitted as a convicted parole violator. Petitioner's maximum sentence was recomputed to expire on December 12, 1975. This was the only instance in which petitioner's maximum term was recomputed.

Petitioner was again released on parole August 23, 1967, and on September 13, 1968, was arrested and charged with armed robbery, which charges were dismissed on November 12, 1968.

On November 14, 1968, petitioner was taken into custody by the Board for violating his parole conditions. On December 19, 1968, the Board ordered petitioner returned as a technical parole violator. After a hearing conducted January 23, 1969, by its then Chairman, Board action was taken on January 29, 1969, to recommit petitioner as a technical parole violator. Petitioner's maximum expiration date remained the same, December 12, 1975.

It was after this recommitment that petitioner initiated proceedings in this Court by filing a "petition in

support of order to show cause prohibiting the Superintendent and Pennsylvania Board of Probation and Parole from continuing restraint and for order directing rehearing of recommitment hearing." Counsel was appointed for petitioner, who later withdrew, and because of petitioner's subsequent release on reparole, the matter languished until he was again incarcerated as hereinafter disclosed.

After his third reparole on November 23, 1971, petitioner was arrested in the state of New York and convicted of the offense of robbery for which he was sentenced to an indeterminate term of seven years. Petitioner was released from the State of New York on January 5, 1975, and reported to Pennsylvania for parole supervision.

On April 11, 1975, the Board received information that petitioner had been arrested out of state on a charge of bank robbery. The Board is presently detaining petitioner pending disposition of the new criminal charges. These events inspired petitioner to revitalize the present proceedings. As petitioner's maximum sentence expiration date affords the Board custody over his person, we directed the parties to file briefs, which have been considered. The matter is now before us for disposition on the merits.

While petitioner at the time he initiated proceedings in this Court may well have asserted a good cause of action entitling him to a second recommitment hearing at which he was afforded the assistance of counsel under the *Tinson* doctrine, his subsequent second reparole has mooted the need for such relief.

Petitioner's present position of being within the custody of the Board because his recomputed maximum sentence has not expired is not directly nor indirectly related to the suspect January 23, 1969, recommitment hearing. As a result of that hearing, petitioner's maximum sentence was not recomputed and thereby further extended, but remained the same as previously recomputed and extended because of prior action of the Board

in October 1964, when petitioner was then found to be a convicted parole violator. By reason of the January 23, 1969, action of the Board, petitioner lost no time credit towards service of his maximum sentence. At most, he lost, because of the want of assistance of counsel, the possibility that his parole would not be revoked for technical violations, a possibility, under the circumstances here present, that was extremely remote at best.

As we understand petitioner's sundry "pleading," he also seeks a reduction of his maximum sentence to compensate him for loss of "street time," which he may have obtained had his recommitment hearing of January 23, 1969, not resulted in a revocation of parole but had continued parole. This we cannot and will not do. To do so, would usurp the power and authority of the Board and the sentencing court and would be no more than mere speculation on our part that the Board hearing of January 23, 1969, would have resulted in a continuation of petitioner's paroled status had he been afforded the assistance of counsel.

For these reasons we enter the following

ORDER

Now, December 12, 1975, the original petition of Jesse Pugh and subsequently filed petitions and motions not previously acted upon, are hereby dismissed.

