Charles N. Gant, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 3, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

R. *Michael Owens,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., December 12, 1977:

Petitioner, a parolee presently incarcerated in a county prison following conviction and sentence for offenses he committed while on parole from a state correctional institution, alleges that respondent Pennsylvania Board of Probation and Parole (Board) violated his rights of due process by failing to afford him a timely preliminary parole revocation hearing; a timely final revocation hearing; and after his parole was revoked, a date on which reparole reconsideration would be made. Both petitioner and the Board have moved for summary judgment. We dismiss petitioner's motion and grant the Board's.

Petitioner had been paroled on February 17, 1976, after serving one year and three days of a one-to-four-year term in a state correctional institution. On May 15, 1976, he was arrested on charges of burglary, theft, and receiving stolen property. On May 17, 1976, a parole violation warrant was filed, charging petitioner with technical parole violations. While a preliminary hearing on the criminal charges was held on May 25, 1976, a preliminary parole revocation hearing was not held until May 28, 1976, 11 days after the filing of the parole violation warrant.[1] The Board thereupon or-

---

[1] Petitioner's petition states that the warrant was filed on May 18, 1976. Since this would, prima facie, negate his claim that the Board's regulation for a preliminary revocation hearing within 10 days of the filing of the warrant was violated, we have assumed that the Board's records, which show the filing to have occurred on May 17, 1976, are correct.

dered petitioner detained "pending disposition of criminal charges and return[ed] as a technical parole violator when available." Petitioner's conviction and sentence to a county prison, for the offenses for which he was arrested on May 15, 1976, were both entered on September 1, 1976. Petitioner twice waived his right to a full Board hearing on revocation of his parole and, on November 23, 1976, he was afforded a hearing before a Board representative. On December 9, 1976, the Board ordered petitioner recommitted as a convicted parole violator "when available" and set no date upon which reparole reconsideration would be made. Petitioner has been in custody continuously since May 15, 1976.

Since 83 days elapsed between his sentencing on the second offense and his revocation hearing, petitioner alleges that the revocation is invalid under the Board's then-existing regulations which required a hearing within 30 days of notification of imposition of sentence. We disagree. In an unpublished order entered pursuant to his opinion in *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975), Judge HIGGINBOTHAM ordered the Board's regulations changed to provide a parolee convicted of a new criminal charge with a final revocation hearing within 120 days from the date of the Board's reception of official verification of the guilty plea or verdict. This change was expressly ordered to apply "to convictions of parolees occurring after September 1, 1975." Petitioner's conviction occurred on September 1, 1976.

Petitioner's next argument that the revocation is invalid is based upon the Board's failure to set a date for reparole reconsideration once it ordered his parole revoked on December 9, 1976. Again, we disagree. Since petitioner was paroled from a state correctional institution and sentenced for his subsequent offenses

to a county institution, he is bound by statute to serve the term for the latter offenses before serving the balance of the term originally imposed. Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a). The Board has no jurisdiction over petitioner until he is returned to a state correctional institution and has no control over when that will occur. Therefore, the Board did not violate petitioner's rights in ordering him recommitted as a convicted parole violator "when available" and setting no date for reparole reconsideration.

Petitioner's final challenge to the Board's revocation is that the Board conducted a preliminary revocation hearing 11 days after the lodging of his arrest warrant and thus one day beyond the requirements of the Board's regulations. Petitioner overlooks the fact that under *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975), a preliminary revocation hearing need not be conducted if the parolee has been given a preliminary hearing on the charges for the offenses he allegedly committed while on parole.[2] Petitioner was given such a preliminary hearing on the charges on May 25, 1976.

Accordingly, we will enter the following

ORDER

Now, December 12, 1977, the motion of petitioner Charles N. Gant for summary judgment on his petition for review at No. 240 Miscellaneous Docket is hereby

---

[2] Although the facts of *Davis, supra,* concerned revocation of probation, the Superior Court stated that there is no "difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation. . . ." *Id.* at 39 n. 4, 336 A.2d at 620 n. 4 *quoting Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973).

denied and the motion of respondent Pennsylvania Board of Probation and Parole for summary judgment in the same matter is hereby granted.