William Tyrone Simmons, Plaintiff *v.* Board of Probation and Parole for The Commonwealth of Pennsylvania et al., Defendants.

Submitted on briefs, November 21, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Allan M. Tabas*, for plaintiff.

*Robert A. Greevy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for defendant.

OPINION BY JUDGE ROGERS, January 3, 1978:

William Tyrone Simmons has sued the Board of Probation and Parole and the Board's Chairman in mandamus seeking an order that he be dismissed from custody or, in the alternative, that he be given credit for time served following certain Board hearings which he contends were illegally provided or conducted.[1] The Board has filed a motion for summary judgment pursuant to Pa. R.C.P. No. 1035.

The essential facts concerning the plaintiff's history in court and before the Board are as follows: He was sentenced by a judge of the Philadelphia Court of Common Pleas on April 5, 1971 to a term of six months to five years for the offenses of Burglary of a Motor Vehicle and Larceny. The effective date of this sentence was January 19, 1971, with a minimum date of July 19, 1971 and a maximum date of January 19, 1976. He was released on parole by the Board on September

---

[1] These requests for relief are those stated in the plaintiff's brief. His amended complaint requests only an order that he be afforded a "proper hearing as required by the due process clause. . . ."

21, 1971. On January 25, 1972 after trial in the Municipal Court of Philadelphia County, Simmons was convicted of Burglary and Possession of Burglary Tools. The Board ordered the plaintiff returned on March 9, 1972, pending disposition of criminal charges, but on November 8, 1972, after Mr. Simmons had appealed the Municipal Court conviction, the Board rescinded its return action and continued the plaintiff on parole to Eagleville Hospital, apparently for drug therapy. The plaintiff left Eagleville without permission on November 4, 1972. On July 17, 1973, the plaintiff was arrested on new charges of Theft and Receiving Stolen Property and a detainer was lodged by the Board on July 26, 1973. The plaintiff was convicted on these charges on September 17, 1973 in Municipal Court but appealed to the Common Pleas Court. On January 4, 1974, the Board conducted a preliminary detention hearing, and on January 29, 1974 the Board conducted a revocation hearing. On February 20, 1974, the Board suspended the revocation hearing and continued the detainer pending the outcome of the charges of July 17, 1973. On March 1, 1974, the Court of Common Pleas of Philadelphia County sustained the plaintiff's demurrer to the evidence produced in support of the July 17, 1973 charges of Theft and Receiving Stolen Property. *On April 17, 1974, the Board continued the plaintiff on parole.* On July 17, 1974, the plaintiff was arrested on new charges of Theft and Receiving Stolen Property and Possession of an Instrument of Crime. The Board lodged a detainer on July 18, 1974 and conducted a hearing on July 30, 1974, and on August 14, 1974 ordered the plaintiff to be detained pending disposition of criminal charges. The plaintiff was convicted of the July 17, 1974 charges on October 22, 1974, and on November 26, 1974 the Board conducted a revocation hearing after which it recommitted the plaintiff as a

convicted parole violator. *On May 12, 1976, however, the Board, after hearing, again paroled the plaintiff to an inpatient therapy program at Eagleville Hospital from which the plaintiff was released in good standing on June 30, 1976.* On October 2, 1976 the plaintiff was arrested on new criminal charges and the Board lodged a detainer on October 8, 1976. After hearing, the Board on November 9, 1976 detained the plaintiff pending disposition of the new charges. The plaintiff was subsequently convicted and sentenced with respect to one of the October 2, 1976 charges in January of 1977, and was thereafter recommitted as a convicted parole violator in April 1977. The plaintiff is presently confined at Graterford State Correctional Institution.

The plaintiff complains of the Board's actions with respect to the January 4, 1974 and January 29, 1974 hearings. He contends (1) that the Board failed to notify him in writing of the charges against him within the required time limits after he was charged with parole violation; and (2) that he was not given preliminary hearings within 10 days of the filing of the detainer on July 26, 1973, all as required by regulations appearing at 37 Pa. Code §§71.2 and 71.3. He says that although a detainer was filed July 26, 1973 he received no hearing until January 4, 1974, and that he was then notified for the first time of the two violations, the first being his leaving Eagleville without permission on November 4, 1972, and the second his arrest on criminal charges on July 17, 1973.

There is no material fact in dispute. We will grant the Board's Motion for Summary Judgment.

The plaintiff asserts that the Board's asserted failure to comply with the procedures required by the cited regulations with respect to notice and hearing following the detainer of July 26, 1973 taints all sub-

sequent actions of the Board. This case is controlled by our decision in *Commonwealth ex rel. Pugh v. Rundle*, 22 Pa. Commonwealth Ct. 352, 348 A.2d 431 (1975). In *Pugh*, the plaintiff sought a new recommitment hearing because he had allegedly been denied his right to counsel[2] at the Board's first hearing. We held that in the absence of proof that the Board's procedures resulted in loss of time credit toward service of the petitioner's maximum sentence, his subsequent parole rendered the plaintiff's challenge to the propriety of the hearing given moot. The instant plaintiff was twice paroled after the alleged due process violations by the Board. The plaintiff has not alleged and the record does not show that the maximum expiration date of his original sentence was in any way affected by the Board's alleged improprieties.

## ORDER

AND Now, this 3rd day of January, 1978, the motion for summary judgment of the Board of Probation and Parole is hereby granted, and judgment is entered in favor of the defendants and against the plaintiff.

---

[2] As held to be required by *Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969).