John Thomas Alger, Petitioner *v.* Orlando S. Zaccagni, Parole Agent II, Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, March 30, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*John Thomas Alger,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondents.

Opinion by Judge Wilkinson, Jr., July 17, 1978:

Petitioner has filed a complaint in mandamus challenging the decision of the respondent Pennsylvania Board of Probation and Parole (Board) to recommit him as a convicted parole violator. The Board has filed a motion for judgment on the pleadings. We will grant the motion.

Petitioner was sentenced on September 13, 1971 to a term of one to five years for prison breach, and to a

concurrent term of two and one-half to seven years for the offenses of prison breach, assault and battery. Petitioner's minimum sentence expired April 11, 1976, and on March 10, 1976, the Board took action directed toward paroling the petitioner on April 11, 1976, "to an approved plan." Petitioner was in fact paroled on June 5, 1976.

Petitioner was arrested July 25, 1976, on a number of charges, namely two counts of burglarly, receiving stolen goods, theft and criminal attempt. Two days later on July 27, 1976, a parole violation warrant was filed. Petitioner received a preliminary hearing relative to the criminal charges on August 10, 1976, and further received a preliminary detention hearing on August 12, 1976. The Board then elected to detain petitioner pending disposition of the charges.

On November 9, 1976, petitioner was found guilty of theft and burglary, and sentencing was deferred. On November 24, 1976, petitioner was charged with possession of a controlled substance. Petitioner was found guilty on this charge on January 24, 1977, and sentencing was again deferred. On April 5, 1977, petitioner was sentenced to two to five years on the first set of charges, while sentence was suspended on the drug violation. Petitioner was afforded a full revocation hearing on May 12, 1977, and on May 18, 1977, the Board took action to recommit petitioner as a convicted parole violator, with review set for April 1978.

Petitioner basically alleges that the Board has violated his right to due process in three respects. First, petitioner alleges that the Board denied him due process in failing to parole him until June 5, 1976, when in fact his minimum sentence expired April 11, 1976. Since petitioner was in fact released following the alleged violation of due process, and since the alleged violation did not result in any loss of time credit

toward service of petitioner's sentence, this issue is now moot. *Simmons v. Board of Probation and Parole,* 33 Pa. Commonwealth Ct. 168, 381 A.2d 221 (1978); *Commonwealth ex rel. Pugh v. Rundle,* 22 Pa. Commonwealth Ct. 352, 348 A.2d 431 (1975).

Second, petitioner alleges that the Board violated its own regulations in failing to afford him a preliminary detention hearing within ten days of the filing of the parole violation warrant. Since petitioner was afforded a preliminary hearing relative to the criminal charges, and since he was in fact later tried and convicted on the charges, there was no need for the preliminary detention hearing in this instance. *Gant v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977); *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975). This is because the purpose of the preliminary hearing, which is to establish whether there is probable cause that parole has in fact been violated, is achieved through the preliminary hearing and the subsequent trial and conviction.

Petitioner's final contention is that the Board failed to afford him a full revocation hearing within a reasonable time after his conviction on the criminal charges. The record reveals that about 183 days elapsed between petitioner's first conviction on November 9, 1976, and the May 12, 1977 hearing. Similarly, about 108 days elapsed between petitioner's second conviction on January 24, 1977, and the May 12, 1977 hearing. The Board received official verification of the first conviction on November 23, 1976, and as to the second conviction received official verification on March 18, 1977.

In *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975), the court held that where nine months elapsed between plaintiff's conviction and

his sentencing, the Board's practice of delaying parole revocation hearings until after sentencing violated plaintiff's 5th and 14th amendment rights to due process. The court held that the Board must afford a convicted parole violator a final parole revocation hearing within a reasonable time after his guilt is established. In an unpublished order entered pursuant to this opinion, "Judge HIGGINBOTHAM ordered the Board's regulations changed to provide a parolee convicted of a new criminal charge with a final revocation hearing within 120 days from the date of the Board's reception of official verification of the guilty plea or verdict." *Gant, supra,* at 629, 380 A.2d at 511-12; 37 Pa. Code §71.4(2).

That order, however, also provided that the 120 day rule did not strictly apply where the parolee was outside the jurisdiction of the Board. The regulations issued pursuant to that order stated that where a parolee is confined in a county correctional institution, the 120 day period does not begin to run until the Board receives official verification of the parolee's transfer to a state correctional facility. 37 Pa. Code §71.4(2)(i). In this case the petitioner was confined to the Centre County jail until January 25, 1977, at which time he was transferred to the state correctional facility at Rockview. Thus, the May 12, 1977 hearing was clearly held within 120 days of the date of transfer, and there was no violation of the Board's regulations. As a result, the petitioner's final argument must be rejected.

Accordingly, we will enter the following

ORDER

AND Now, July 17, 1978, the motion of the Pennsylvania Board of Probation and Parole for judgment on the pleadings at No. 287, Miscellaneous Docket, is granted.