Tyrone Terrell, Petitioner *v.* Fred W. Jacobs, Chairman of the Pennsylvania Board of Probation and Parole and Julius T. Cuyler, Superintendent of the State Correctional Institution at Graterford and Anthony J. Sepela, Records Officer for Bureau of Corrections of the State Correctional Institution Located at Graterford, Pennsylvania, and William R. Robinson, Commissioner of Pennsylvania Bureau of Corrections, Respondents.

494

Submitted on briefs, August 8, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Tyrone Terrell*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, and *Gerald Gornish*, Acting Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, September 6, 1978:

Tyrone Terrell (Petitioner) has filed a Petition for Review alleging that the Pennsylvania Board of Probation and Parole (Board) failed to hold a "full

Board" revocation hearing within a reasonable time, that the Board erred in considering him to be a convicted parole violator because he filed an appeal from the judgment of sentence on a new charge against him and that the Board erred in computing his back time. An answer was filed by the Board with new matter and a certificate of the Chairman of the Pennsylvania Board of Probation and Parole included. Petitioner filed a reply to the Board's new matter.

Subsequently, Petitioner filed a motion for summary judgment and the Board filed a cross motion for summary judgment. Pursuant to an order of this Court, the motions have been submitted on briefs. It appearing that the pleadings are closed and that there is no material fact at issue, the case will be disposed of pursuant to the provisions of Pa. R.C.P. No. 1035.

Factually, it appears from the pleadings that the Petitioner's original sentence at issue here was imposed on September 15, 1973, effective March 13, 1972. The Petitioner was sentenced on that date in Philadelphia County to a term of not less than 3 nor more than 15 years for the offense of aggravated robbery.[1] On October 25, 1973, the Petitioner was sentenced in Montgomery County to a flat term of 6 months for the offense of prison breach. That sentence was to follow completion of the sentences imposed in Philadelphia County.

On September 13, 1975, the Petitioner was released on parole. There were other intervening incidents relative to the Petitioner's parole record, but the most important occurrence was the Petitioner's arrest in Philadelphia on August 11, 1976, on charges of robbery, theft and other lesser crimes. A parole

---

[1] Other concurrent sentences of lesser duration were imposed on the same date.

violation warrant was filed by the Board against the Petitioner on August 17, 1976, charging him with technical parole violation, violations of conditions and new criminal charges. The Petitioner was afforded a preliminary/detention hearing as a result of which the Board ordered that the Petitioner be detained pending disposition of the new criminal charges and that he be returned as a technical parole violator when available.

The Petitioner was found guilty of robbery and possession of an instrument of crime and was sentenced on January 20, 1977, to a term of not less than 8 nor more than 20 years on the charge of robbery. He was also given a concurrent sentence of not less than 2 nor more than 4 years on the lesser charge. The Petitioner appealed from that judgment of sentence and bail was fixed at Twenty-Five Thousand ($25,000) Dollars.

On January 24, 1977, the Petitioner was transferred from the Philadelphia County Prison to the State Correctional Institution at Graterford. On April 7, 1977, the Board afforded the Petitioner a full Board revocation hearing, following which the Petitioner was recommitted as a convicted parole violator and his maximum sentence was modified to expire as of December 15, 1988.

First, we address the issue of whether the Petitioner's revocation hearing was timely. Following the opinion and unpublished order of Judge HIGGIN-BOTHAM in *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975),[2] the Pennsylvania

---

[2] The pertinent provisions of Judge HIGGINBOTHAM's order entered April 14, 1976, read as follows:

3. (a) Where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, i.e., confinement out of state, confinement in a federal correctional institution, or confinement in a county correctional insti-

Board of Probation and Parole changed its regulations with respect to when a full Board revocation hearing must be held.[3] In particular, the regulations state in pertinent part as follows:

§71.4(2)(i) Where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out of State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. The parolee, who is confined in a county correctional institution and who waived the final

tution where the parolee has not waived the full Board revocation hearing required by Commonwealth of Pennsylvania ex rel. Peter L. Rambeau v. Alfred T. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final revocation hearing shall be held within one hundred and twenty (120) days of the Board's official verification of the parolee's return to a state correctional facility.

(1) The parolee who is confined in a county correctional institution who waives the final full Board revocation hearing required in the Rambeau decision, id., shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of the full Board hearing.

(b) Where the parolee requests a continuance of a revocation hearing which is granted by the Board, the Board will make reasonable efforts to reschedule the revocation hearing at the earliest opportunity consistent with the parolee's request for a continuance.

[3] These regulations appear in 7 Pa. B. 487 and they amend extensively Ch. 71 of the Board's regulations. 37 Pa. Code §71.1 et seq.

Revocation Hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of such Board hearing.

The Board's position is that since the Petitioner was not returned to a state correctional institution until January 24, 1977, the 120 days allowed for a full Board hearing did not commence until that date. If the Board's position is correct, the hearing on April 7 was well within the 120 day period. The Petitioner argues that the 120 days should commence on August 17, 1976, when the Board charged the Petitioner as a parole violator. The Petitioner claims that the Board's jurisdiction over him commenced as of that date because the Board has the statutory authority[4] to arrest for parole violation. The obvious flaw in the Petitioner's argument is that there is nothing in the law which authorizes the Board to supersede the jurisdiction of a county criminal court. Had the Petitioner been picked up on a warrant by the Board for violation of parole and had the Petitioner not been lodged in a county prison on criminal charges filed there, the Petitioner's position here would be correct. However, in the case now before us, the new criminal charges intervened prior to the date the Board acted and therefore the Board had no jurisdiction over the Petitioner until he was released by the county authorities to a state correctional institution. *See Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977) and *Alger v. Zaccagni*, 36 Pa. Commonwealth Ct. 548, 388 A.2d 769 (1978). Accordingly, we hold that the Board's revocation hearing was within the

---

[4] Section 14 of the Act of May 10, 1909, P.L. 495, 61 P.S. §298.

period prescribed by its own regulations as well as the mandates of *United States ex rel. Burgess v. Lindsey, supra.*

Next, we consider Petitioner's argument that he cannot be a convicted parole violator because his conviction is on appeal. Unfortunately for the Petitioner, the law is otherwise. Section 21.1(a) of the Act of August 6, 1941 (Act), P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(a) reads in pertinent part as follows:

> (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator.

In *United States ex rel. Burgess v. Lindsay, supra,* the United States District Court held that the term "conviction" as used in the Act must be given its ordinary meaning, "namely, a verdict or plea of guilty." 395 F. Supp. at 411. That Court did say that a conviction did not include the imposition of sentence. However, a plain reading of the statutory language, as well as the language we have quoted from the *Lindsey* opinion, clearly indicate that the Board's authority to recommit a convicted parole violator begins when a verdict or plea of guilty is entered on a new charge against him, notwithstanding the fact that an appeal has been filed.

Finally, the Board concedes that it erred in recomputing the Petitioner's maximum sentence in light of

this Court's ruling in *Mitchell v. Pennsylvania Board of Probation and Parole*, 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977). Since the Board's warrant was lodged on August 17, 1976, the Petitioner's back time should be calculated from that date rather than from January 20, 1977, the date of the Petitioner's new sentence.

## ORDER

AND Now, this 6th day of September, 1978, it is ordered that the motion of Tyrone Terrell for summary judgment be and the same is hereby denied, and the cross motion of the Pennsylvania Board of Probation and Parole is granted, except that the Pennsylvania Board of Probation and Parole is ordered to recompute the date for the expiration of the Petitioner's maximum sentence to show that the same shall expire July 12, 1988.