Robert Thomas, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole, Respondent.

Submitted on briefs, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Joan Saltzman,* Assistant Defender, with her *John W. Packel,* Assistant Defender, and *Benjamin Lerner,* Defender, for petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, September 25, 1978:

Robert Thomas (Thomas) has filed in this Court a petition for review challenging the decision of the Pennsylvania Board of Probation and Parole (Board) to recommit him to prison as a convicted parole violator. The Board filed an answer containing new matter to the petition for review, and thereafter Thomas filed a reply to the Board's new matter. Thomas filed a motion for summary judgment, and the Board followed with its own motion for summary judgment. We will grant the Board's motion and deny the motion for summary judgment filed by Thomas.

Thomas was under the jurisdiction of the Board by virtue of a sentence from the Court of Common Pleas of Philadelphia County, said sentence to commence April 25, 1974 and to expire April 25, 1977. On April 25, 1975, Thomas was released on parole.

Thomas was arrested on January 24, 1976 and charged with burglary. On April 14, 1976, Thomas was again arrested and charged with unlawful possession of a controlled substance. Thereafter, on May 5, 1976, Thomas was once more arrested and charged with burglary, theft, and receiving stolen property.

On August 5, 1976, Thomas pled guilty to a charge of burglary and on October 21, 1976 was sentenced to a term of not less than 8 nor more than 23 months in the Philadelphia County prison. On October 21, 1976, petitioner pled guilty to other charges pending

against him and received sentences of not less than 8 nor more than 23 months, to run consecutively to the sentence imposed on him for the burglary charge to which he pled guilty on August 5, 1976. Thomas was granted a full-board parole hearing on January 21, 1977, and on January 27, 1977, Thomas was ordered recommitted as a convicted parole violator, and his maximum sentence date was extended until June 15, 1979.

The Board received notification of the October 21, 1976 sentence of Thomas on December 8, 1976. However, of far more significance here is the fact that Thomas remained at the Philadelphia County prison from the date the parole violation warrant was filed, July 13, 1976, until he was transferred from the Philadelphia County prison to a state correctional institution on July 6, 1977, a date subsequent to the full-board parole hearing afforded Thomas on January 21, 1977.

Thomas seeks here to have the Board's order recommitting him as a convicted parole violator set aside because he was not given a full revocation hearing by the Board within a reasonable time after his conviction on the aforementioned criminal charges. In *Alger v. Zaccagni*, 36 Pa. Commonwealth Ct. 548, 551-52, 388 A.2d 769, 771 (1978), we stated:

In United States ex rel. Burgess v. Lindsey, 395 F. Supp. 404 (E.D. Pa. 1975), the court held that where nine months elapsed between plaintiff's conviction and his sentencing, the Board's practice of delaying parole revocation hearings until after sentencing violated plaintiff's 5th and 14th amendment rights to due process. The court held that the Board must afford a convicted parole violator a final parole revocation hearing within a reasonable time after his guilt is established. In an unpublished order entered

pursuant to this opinion, 'Judge Higginbotham ordered the Board's regulations changed to provide a parolee convicted of a new criminal charge with a final revocation hearing within 120 days from the date of the Board's reception of official verification of the guilty plea or verdict.' Gant [v. Pennsylvania Board of Probation and Parole, 32 Pa. Commonwealth Ct. 627, 629, 380 A.2d 510, 511-12 (1977)]; 37 Pa. Code §71.4(2).

That order, however, also provided that the 120 day rule did not strictly apply where the parolee was outside the jurisdiction of the Board. The regulations issued pursuant to that order stated that where a parolee is confined in a county correctional institution, the 120 day period does not begin to run until the Board receives official verification of the parolee's transfer to a state correctional facility. 37 Pa. Code §71.4(2)(i).

In this case, Thomas was confined to the Philadelphia County prison until July 6, 1977, at which time he was transferred to a state correctional institution. Thus, the January 21, 1977 full-board parole hearing was held even before the 120-day period provided for in the Board's regulations began to run and clearly could not be termed untimely nor in violation of the Board's regulations.

Accordingly, we enter the following

### ORDER

AND Now, this 25th day of September, 1978, the motion of the Pennsylvania Board of Probation and Parole for summary judgment in the above captioned case is hereby granted, and the motion of Robert Thomas for summary judgment is hereby denied.