Joseph Gaito, Jr., Petitioner *v.* Pennsylvania Board of Probation and Parole, et al., Respondents.

200

Submitted on briefs, July 7, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Joseph Gaito, Jr.*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondents.

Opinion by Judge Craig, October 19, 1978:

A petition for review filed by Joseph Gaito, Jr., petitioner, against the Pennsylvania Board of Probation and Parole (Board) has raised various questions concerning his arrest and recommitment as a parole violator and the crediting of detention and parole time to his sentences.

The board has filed preliminary objections, in the nature of a demurrer.

Successive orders of this court treated the petition for review as one addressed to this court's original jurisdiction and then provided that the matter shall be submitted on briefs, which has been done.

Petitioner's averments, which we treat as correct for the sole purpose of this decision, note that, after petitioner had served beyond the minimum of a previous sentence at the state correctional institution at Pittsburgh, the Board placed him on parole November 18, 1976.

About a month later, Allegheny County detectives sought petitioner to question him about the shooting deaths of his estranged wife and her male companion.

When petitioner's parole agent became aware that the police were seeking him, the agent called petitioner's employer to learn that petitioner was not at work and also appeared at petitioner's residence to find nobody home. The Board then authorized the issuance of an arrest warrant for petitioner for technical parole violations, deputizing the Allegheny County Detective Bureau to execute it.

On January 8, 1977, with the aid of an informant police arrested petitioner and charged him with a violation of the Uniform Firearms Act.

On April 18, 1977 a jury found petitioner guilty of the Firearms Law violation, and, on September 29,

1977, the court imposed a sentence of two to five years for that conviction.

Petitioner was returned to the state correctional institution at Pittsburgh on October 3, 1977 and confined in the Diagnostic and Classification Center where privileges are limited.

The Board afforded petitioner a parole revocation hearing on November 10, 1977 and subsequently issued an order recommitting petitioner as a convicted parole violator.

The averments of the petition as to sentence recomputation are that no credit was granted for so-called street time while on parole, and that detention time following the January, 1977 arrest was applied to the previous sentence, as to which petitioner had been paroled.

In the petition for review, petitioner raises a number of issues, as follows: (1) the arrest warrant was invalid because it was issued without probable cause; (2) the issuance of the arrest warrant was discriminatory; (3) the statute authorizing deputization for execution of the arrest warrant is unconstitutional; (4) the non-crediting of street time is unconstitutional; (5) application of detention time to the prior sentence is unconstitutional; (6) a hearing is required for revocation of parole; and (7) incarceration in the so-called clinic, after recommitment, was unlawful.

In addition, in his brief, petitioner raises a question of the timeliness of the parole revocation hearing. Although this question was not raised in the petition, we will nevertheless consider it, in view of the fact that petitioner is acting on his own behalf.

At the outset, we are required to state that the first three issues, concerning the validity of the arrest warrant, are beyond our jurisdiction and are res judicata

as well. In *Commonwealth v. Gaito,* 3 Pa. D. & C. 3d 339 (1977),[1] in connection with a motion to suppress evidence, the validity of the arrest warrant was attacked on behalf of petitioner, and the warrant, arrest and search were upheld by a thorough opinion of Judge ZEIGLER. Any further review of that matter is solely within the jurisdiction of the Pennsylvania Superior Court. *Eckert v. Pennsylvania Board of Probation and Parole,* 33 Pa. Commonwealth Ct. 390, 381 A.2d 1030 (1978).

The fourth issue relates to the validity of the statutory mandate, in Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a), that a parolee who is convicted of commission of a crime while on parole "shall be given no credit for the time at liberty on parole."

The constitutional validity of the statutory requirement that such street time credit be forfeited by a convicted parole violator was established in *Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 215 A.2d 617 (1966). Although the Pennsylvania Supreme Court overruled *Myers* on certain grounds, the constitutionality of the forfeiture of street time credit was reaffirmed in *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 19, 314 A.2d 842, 847 (1973). In both opinions, the Supreme Court definitely concluded that the statute is not unconstitutional as a bill of attainder, as subjecting a parolee to double jeopardy or

---

[1] At 3 Pa. D. & C. 3d 349, Judge ZEIGLER's decision is noted as having been affirmed per curiam        Pa. Superior Ct.        , 377 A.2d 169 (1977). That note, and the reference in Sheppard's Pennsylvania Citations, Cases and Statutes Cumulative Supplement Vol. 63, No. 3, July, 1978, appears to be in error. The action of the Superior Court at 377 A.2d 169 relates to post-conviction proceedings in Mr. Gaito's original 1959 conviction.

as denying due process or equal protection. The same conclusion has been reiterated by this court, recently in *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977).

As to the fifth issue, the validity of applying petitioner's detention time to his earlier sentence has been firmly established. In *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), we held that credit for confinement under a detainer lodged against a parolee must be applied to the original sentence. The Board followed that ruling in the present case.

We are unable to accept petitioner's argument that our decision in *Mitchell v. Pennsylvania Board of Probation and Parole, supra,* is in conflict with *Commonwealth v. Snyder,* 427 Pa. 83, 233 A.2d 530 (1967) or in conflict with §1 of the Act of August 14, 1963, P.L. 841, 19 P.S. §898. The cited statute and the *Snyder* decision clearly refer to the crediting of detention time against a subsequent sentence in a situation where no prior sentence is involved.

As to the sixth issue, concerning the requirement of a timely hearing for the revocation of parole we agree with petitioner's premise.

*Morrissey v. Brewer,* 408 U.S. 471 (1972), *Commonwealth ex rel. Rambeau v. Rundle, supra,* and numerous decisions of this court have established the requirement that a hearing be held.

Petitioner's averments acknowledge that a parole revocation hearing was in fact afforded him. With respect to its timeliness, the pertinent actions and dates are: petitioner's conviction by a jury on April 18, 1977, petitioner's return to the state correctional institution from the county jail on October 3, 1977, and the parole revocation hearing on November 10, 1977.

The current Board regulations at 37 Pa. Code §71.4(2)(i) provide for a parole violation hearing as to a convicted parolee within 120 days "of the official verification to the Board of the return of the parolee to a state correctional facility," where the parolee has been confined in a county correctional institution. Those regulations are to be applied to the time period in this case. See *Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa. Commonwealth Ct. 627, 629-630, 380 A.2d 510, 511-12 (1977). The constitutional reasonableness of the 120 day period has been accepted because it was adopted in accordance with the constitutional interpretation in *United States ex rel. Burgess v. Lindsey*, 395 F.Supp. 404 (E.D. Pa. 1975).

From petitioner's allegations in the present case, we note that the Board hearing date of November 10, 1977 was thirty-eight days after Petitioner's return to the state correctional institution and was therefore well within the required period. Hence we hold that the timing of the parole revocation hearing was lawful in accordance with our decisions in *Alger v. Zaccagni*, 36 Pa. Commonwealth Ct. 548, 552, 388 A.2d 769, 771 (1978) and *Thomas v. Pennsylvania Board of Probation and Parole*, 38 Pa. Commonwealth Ct. 17, 391 A.2d 714 (1978).

The last issue raised by petitioner, concerning his treatment in the state correctional institution, does not involve the Board as a matter of law. Upon his return to incarceration, petitioner was confined in the Diagnostic and Classification Center. Even if we accept petitioner's averments as to the limitations of privileges therein, those matters are plainly under the control of the prison authorities and not the Board. Thus they are not cognizable in this proceeding.

In view of the conclusions reached as to the issues raised, we will sustain the Board's preliminary objections and dismiss the petition for review.

206

ORDER

AND NOW, this 19th day of October, 1978, the preliminary objections of the Pennsylvania Board of Probation and Parole are sustained, and the petition for review is dismissed.