Purcell Bronson, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole and Julius T. Cuyler, Superintendent of State Correctional Institution at Graterford, Pennsylvania, Respondents.

Submitted on briefs, September 22, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Purcell Bronson*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 27, 1978:

Petitioner has filed a petition for review challenging the decision of the Pennsylvania Board of Probation and Parole (Board) to recommit him to prison as a convicted parole violator. The case is before us now on cross-motions for summary judgment. We will grant the Board's motion and deny the motion for summary judgment filed by petitioner.

The facts are not in dispute. While on parole, petitioner was convicted on September 6, 1977, of facilitating escape and aggravated assault. On December 2, 1977, petitioner was moved to the state correctional facility at Graterford; official notification of petitioner's conviction was received by the Board on December 13, 1977. A full revocation hearing was afforded petitioner on April 6, 1978.

The only issue raised by the petition concerns the timeliness of the revocation hearing. The law in this area is now firmly settled following the decision in *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404 (E.D. Pa. 1975), and its aftermath.[1]

---

[1] For the current Board regulation on this point see 37 Pa. Code §71.4(2)(i).

This Court has had the opportunity to pass on this precise issue a number of times since *Burgess, supra,*[2] most recently in *Rothman v. Pennsylvania Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 259, 392 A.2d 903 (1978); *Thomas v. Pennsylvania Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 17, 391 A.2d 714 (1978). To pass constitutional muster a convicted parole violator must be given a full revocation hearing within 120 days of the Board's receipt of official verification of guilt. Measuring, as we must, from the crucial date of notification, December 13, 1977, petitioner's hearing on April 6, 1978, falls within the required 120 day period.

Accordingly, we will enter the following

ORDER

AND Now, this 27th day of October, 1978, the motion of the Pennsylvania Board of Probation and Parole for summary judgment is hereby granted, and the motion of petitioner for summary judgment is hereby denied.

---

[2] *Terrell v. Jacobs,* 37 Pa. Commonwealth Ct. 493, 390 A.2d 1379 (1978); *Alger v. Zaccagni,* 36 Pa. Commonwealth Ct. 548, 388 A.2d 769 (1978); *Gant v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977).