Spencer R. Dobson, Jr., Petitioner *v.* Edward Forman, Warden, Philadelphia County Prison, Holmesburg and the Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, October 3, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Spencer R. Dobson, Jr.,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, November 14, 1978:

Spencer R. Dobson, Jr. filed a petition for writ of habeas corpus (which we treat as a Petition for Review in the nature of mandamus) challenging his detention as a parole violator by the Pennsylvania Board of Probation and Parole. The Board filed an answer with new matter. The parties filed cross motions for judgment on the pleadings. We grant the Board's motion and enter judgment in favor of the Board and against the petitioner.

Dobson was sentenced to a term of imprisonment on charges of assault and battery, aggravated assault and battery and assault and battery with intent to kill. He was paroled on October 9, 1974 and recommitted as a convicted parole violator on September 21, 1977. He was again released on parole on October 19, 1977 and, while still on parole, was arrested on January 26, 1978 in Philadelphia on charges of simple assault, possession of an instrument of crime, prohibited offensive weapon and recklessly endangering another person. He was subsequently released on bail. On March 17, 1978, Dobson was convicted in Philadelphia Municipal Court of the charges of simple assault, possession of an instrument of crime and prohibited offensive weapon. On that date, the Board lodged a parole violation warrant at the Philadelphia County Prison. On April 10, 1978, the petitioner appealed his Municipal Court conviction which appeal entitled him to a trial de novo in the Philadelphia County Court of Common Pleas. On April 21, 1978, the Board, without further hearing, took action to detain the petitioner pending disposition of the new criminal charges. The petitioner has since withdrawn

his appeal to the Philadelphia County Court of Common Pleas.

Dobson's first argument is that the Board could not lawfully detain him without conducting a preliminary detention hearing. This argument is without merit. In *Commonwealth v. Davis*, 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975), the Superior Court held that when a probationer has been arrested, tried and convicted of an offense within the jurisdiction of the Municipal Court, there is no need for a Gagnon I hearing (the preliminary hearing for probation revocation which is equivalent to a preliminary detention hearing for parole revocation) because the purpose of a preliminary hearing will have been served by the Municipal Court trial. As noted in our decision in *Johnston v. Pennsylvania Board of Probation and Parole*, 34 Pa. Commonwealth Ct. 113, 383 A.2d 233 (1978), there is no compelling reason why the rule of *Davis, supra*, which involved probation revocation procedures, should not equally apply to parole revocations. We hold that there was no need for the Board to conduct a preliminary detention hearing before detaining Dobson after his Municipal Court trial.

Dobson's second argument is that the Board has violated his right to procedural due process and its own regulations[1] by detaining him since April 21, 1978 without affording him a full revocation hearing. We disagree. In *Alger v. Zaccagni*, 36 Pa. Commonwealth Ct. 548, 388 A.2d 769 (1978), we set forth the applicable law and regulations with respect to parole

---

[1] Dobson has cited the Board's previous regulations which required a final revocation hearing within 30 days of notification of imposition of sentence. This regulation has been changed, effective March 1, 1977, pursuant to the unpublished order of Judge HIGGINBOTHAM in the case of *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404 (E.D. Pa. 1975). The regulation appears at 37 Pa. Code §71.4(2) which can presently be found in 7 Pa. B. 488.

revocation procedures for parolees who have been charged with new criminal offenses:

> In United States ex rel. Burgess v. Lindsey, 395 F. Supp. 404 (E.D. Pa. 1975), the court held that where nine months elapsed between plaintiff's conviction and his sentencing, the Board's practice of delaying parole revocation hearings until after sentencing violated plaintiff's 5th and 14th amendment rights to due process. The court held that the Board must afford a convicted parole violator a final parole revocation hearing within a reasonable time after his guilt is established. In an unpublished order entered pursuant to this opinion, 'Judge Higginbotham ordered the Board's regulations changed to provide a parolee convicted of a new criminal charge with a final revocation hearing within 120 days from the date of the Board's reception of official verification of the guilty plea or verdict.' Gant [v. Pennsylvania Board of Probation and Parole, 32 Pa. Commonwealth Ct. 627, 629, 380 A.2d 510, 511-12 (1977)]; 37 Pa. Code §71.4(2).
>
> That order, however, also provided that the 120 day rule did not strictly apply where the parolee was outside the jurisdiction of the Board. The regulations issued pursuant to that order stated that where a parolee is confined in a county correctional institution, the 120 day period does not begin to run until the Board receives official verification of the parolee's transfer to a state correctional facility. 37 Pa. Code §71.42(i).

*Alger, supra* at 551, 388 A.2d at 771.

The petitioner is still confined in the Philadelphia County Prison. The 120 day period has therefore not yet begun to run and will not begin to run until the

Board receives official verification of Dobson's transfer to a state correctional institution. There has thus been no violation by the Board of Dobson's rights to due process of law or of the Board's own regulations. Accordingly, we enter the following

ORDER

AND Now, this 14th day of November, 1978, the motion of the Pennsylvania Board of Probation and Parole for judgment on the pleadings at No. 46 Misc. Dkt. No. 2, is granted; judgment is entered in favor of the Board and against Spencer R. Dobson, Jr.