Anthony Perry, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs, January 24, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Anthony Perry*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Edward G. Biester, Jr.*, Acting Attorney General, for respondents.

OPINION BY JUDGE MENCER, March 6, 1979:

Anthony Perry (Perry) has filed in this Court a petition for review challenging the decision of the Pennsylvania Board of Probation and Parole (Board) to recommit him to prison as a convicted parole violator. The Board filed an answer containing new matter to the petition for review and thereafter Perry filed in essence a reply[1] to the Board's new matter. Perry filed a motion for judgment on the pleadings, and the Board followed with its own motion for judgment on the pleadings.

Perry was released on parole from the Commonwealth's Correctional Institution at Graterford (Graterford) on October 6, 1976. On February 8, 1977, he was arrested by Philadelphia authorities on charges of robbery, theft, receiving stolen property, possession of an instrument of crime, possession of an offensive weapon, aggravated assault, and terroristic threats. A parole violation warrant was lodged by the Board on February 9, 1977.

On June 20, 1977, Perry was found guilty of theft and aggravated assault and was sentenced to concur-

---

[1] Perry's pleading was captioned "Contra Respondent's Answer Pursuant to New Matter."

rent terms of not less than 11½ months nor more than 23 months in the Philadelphia County Prison. On February 1, 1978, Perry was granted parole from these sentences, and on February 22, 1978, he was transferred from the county prison to Graterford. On April 5, 1978, Perry was afforded a full-board revocation hearing, after which the Board reached its decision, on April 11, 1978, to recommit Perry as a convicted parole violator.

Perry seeks here to have the Board's order recommitting him as a convicted parole violator set aside because he contends that he was not afforded a full revocation hearing by the Board within a reasonable time after his conviction on the aforementioned criminal charges and that the hearing was required to be held by the Board's regulations within 120 days from the date of the Board's reception of official verification of his guilty verdict.

Perry's contentions have been ruled on previously by this Court. In *Alger v. Zaccagni,* 36 Pa. Commonwealth Ct. 548, 551-552, 388 A.2d 769, 771 (1978), we stated:

In United States ex rel. Burgess v. Lindsey, 395 F. Supp. 404 (E.D. Pa. 1975), the court held that where nine months elapsed between plaintiff's conviction and his sentencing, the Board's practice of delaying parole revocation hearings until after sentencing violated plaintiff's 5th and 14th amendment rights to due process. The court held that the Board must afford a convicted parole violator a final parole revocation hearing within a reasonable time after his guilt is established. In an unpublished order entered pursuant to this opinion, 'Judge HIGGINBOTHAM ordered the Board's regulations changed to provide a parolee convicted of a new criminal charge with a final revocation hearing within

120 days from the date of the Board's reception of official verification of the guilty plea or verdict.' Gant [v. Pennsylvania Board of Probation and Parole, 32 Pa. Commonwealth Ct. 627, 629, 380 A.2d 510, 511-12 (1977)]; 37 Pa. Code §71.4(2).

That order, however, also provided that the 120 day rule did not strictly apply where the parolee was outside the jurisdiction of the Board. The regulations issued pursuant to that order stated that where a parolee is confined in a county correctional institution, the 120 day period does not begin to run until the Board receives official verification of the parolee's transfer to a state correctional facility, 37 Pa. Code §71.4(2)(i).

In the instant case, Perry was confined to the Philadelphia County Prison until February 22, 1978, at which time he was transferred to Graterford. Thus, the April 5, 1978 full-board parole hearing was held within the 120-day period provided for in the Board's regulations and cannot be termed untimely nor in violation of the Board's regulations. We have reached similar conclusions in *Thomas v. Board of Probation and Parole*, 38 Pa. Commonwealth Ct. 17, 391 A.2d 714 (1978), *Terrell v. Jacobs,* 37 Pa. Commonwealth Ct. 493, 390 A.2d 1379 (1978), and *Alger v. Zaccagni, supra,* and we deem the holdings in those cases to be controlling here.

Accordingly, we enter the following

ORDER

AND Now, this 6th day of March, 1979, the motion of the Pennsylvania Board of Probation and Parole for judgment on the pleadings in the above captioned case is hereby granted and the motion of Anthony Perry for judgment on the pleadings is hereby denied.