Dennis Grady, Petitioner *v.* Glen R. Jeffes (Warden), State Correctional Institution, Dallas, Pennsylvania, and Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, February 6, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Dennis Grady*, petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, March 28, 1979:

Dennis Grady has filed a pleading which we have chosen to treat as a petition for review in the nature of a complaint in mandamus directed against the Pennsylvania Board of Probation and Parole (Board). We are presently called upon to rule on the parties' respective motions for summary judgment.

An examination of the pleadings and the Board's supporting affidavit pertinently reveals that on August 12, 1976, Petitioner, a parolee, was arrested on a number of criminal charges. In response to this, the Board lodged a parole violation warrant against him on August 16. On September 3, Petitioner was afforded a preliminary/detention hearing, after which the Board ordered him detained pending disposition of criminal charges and returned as a *technical* parole violator available. Thereafter, Petitioner appeared in three county courts of common pleas where he was convicted of a multiplicity of crimes and sentenced to various terms of imprisonment, the final sentencing occurring on January 13, 1977. On January 18, Petitioner requested a full board hearing which was conducted on March 4.

On March 14, 1977, the Board took action to recommit Petitioner as a *convicted* parole violator when available. Although notice of this decision was forwarded on March 17 to Petitioner at the Philadelphia General Hospital, it appears that Petitioner had, in fact, escaped from this institution on March 14. On June 10, 1977, Petitioner was incarcerated in the Philadelphia County Prison on the charge of escape. Although initially found guilty of this charge on July 28, his conviction was ultimately reversed on October 19, 1977. On October 21, Petitioner was received at Graterford State Correctional Institution. On November 27, 1977, the Board affirmed its March 14, 1977 de-

cision that Petitioner be recommitted as a convicted parole violator.

Ready disposition of this case is precluded by the rather confused state of Petitioner's pleadings and our concommitant inclination to construe his arguments liberally so as to avoid injustice to him. The result of this is, of course, that the Board's pleadings and supporting affidavit have proven, somewhat understandably, to be inadequate. The Board will be directed, therefore, to file supplemental affidavits so as to clarify the pleadings.

As we perceive it, the Petitioner has raised two issues in his petition for review: (1) whether he was afforded a timely preliminary/detention hearing with regard to his parole status; and (2) whether he and his attorney received notice of the Board's March 14, 1977 decision.[1]

With regard to the first issue, it is clear from the pleadings that Petitioner was accorded a preliminary/detention hearing on September 3, 1976, approximately 15 days after a parole violation warrant was lodged against him charging him with technical parole violations. Looking to the regulations then in effect, it is apparent that Petitioner was entitled to receive a preliminary hearing within 10 days of the lodging of the parole violation warrant. *See* 37 Pa. Code §§71.3(1) and (3). While the pleadings appear facially complete in this regard, further inquiry reveals that a *criminal* preliminary hearing may have been conducted on August 25, 1976 (9 days after the Board lodged its warrant), thus obviating the necessity for the Board to conduct a preliminary hearing of its own. *See Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa.

---

[1] We note that the parties, for reasons perhaps relating to the nature of the pleadings, have raised questions and propounded arguments in their respective briefs which are simply not cognizable under the pleadings.

Commonwealth Ct. 627, 380 A.2d 510 (1977). Therefore, since a violation of the Code may not have occurred, we will direct the Board to clarify this issue by supplemental affidavit.

Turning to the second issue, we are satisfied, on the basis of the pleadings, that Petitioner's failure to receive notice of the Board's March 14, 1977 decision was occasioned by his unauthorized absence from the detention facility where notice was actually sent. At first glance, the pleadings would indicate that notice was not, in fact, sent to Petitioner's counsel, a public defender, as is required by the Board's redrafted regulations. *See* 7 Pa. B. §71.4(9) (effective March 1, 1977). However, closer examination of the Board's supporting affidavit suggests that notice was sent to Petitioner, who was then at the Philadelphia General Hospital, and also to the Philadelphia Detention Center. Further, a vague reference is made in the pleadings to an exchange of letters between the Board, Petitioner and Petitioner's counsel regarding the alleged notice deficiency. Since our resolution of the first issue precludes our final disposition of this matter, we think it appropriate for the Board also to clarify, by supplemental affidavit, the notice procedure utilized subsequent to its March 14, 1977, decision, with special reference to whether Petitioner's counsel was given notice thereof.

## ORDER

AND Now, this 28th day of March, 1979, the motions of Dennis Grady and of the Pennsylvania Board of Probation and Parole for summary judgment are denied, without prejudice, and the Board is hereby directed to file supplemental affidavits consistent with this opinion within 20 days of this order. The Petitioner shall have the opportunity to file affidavits within the same period.

(See supplemental opinion—page 651.)