Domingo M. Rivera, Petitioner *v.* Glen R. Jeffes (Supt.) and Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, February 13, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Domingo M. Rivera,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *J. Justin Blewitt, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., June 8, 1979:

Before us are cross motions for summary judgment filed by Domingo M. Rivera (Petitioner) and by Glen R. Jeffes and the Pennsylvania Board of Probation and Parole (Respondents) which seek our determination of whether the parole revocation hearing held five months after Rivera's conviction was timely and commensurate with due process.

Rivera, who had been sentenced on September 26, 1975, to three identical terms of one to three years, was released on parole on August 4, 1976. He was subsequently arrested by Lehigh County authorities on August 13, 1977, released on bail,[1] and pled guilty on October 12, 1977, to the charge of burglary.[2] He was de-

---

[1] Rivera was arrested on charges of technical parole violation on August 23, 1977, and released on August 25, 1977. He was afforded a detention hearing on September 26, 1977, at which Rivera was represented by counsel. The Board's decision recorded on October 6, 1977, was to continue Rivera on parole pending disposition of the criminal charges against him.

[2] The motions conflict in their statements as to the events leading to Rivera's sentence. Rivera avers that he pled guilty, while the Board's motion indicates that Rivera was tried and later "found guilty" on charges of burglary, theft, and receiving stolen property. The docket entries for Rivera's appearance on October 12, 1977, in Lehigh County state that Rivera pled guilty to the charge of bur-

318

tained at Lehigh County Prison where a parole violation warrant was filed on October 13, 1977. Rivera was sentenced on November 21, 1977, for a term of two to eight years to be served in a state correctional institution and was later transferred to the State Diagnostic Center at Graterford from Lehigh County Prison on November 23, 1977. Rivera signed a waiver of representation by counsel and a waiver of a full board hearing on February 15, 1978. A parole revocation hearing was held on March 7, 1978, and on March 28, 1978, the Board ordered that Rivera be recommitted as a convicted parole violator when available and provided for review after he has served 12 months on backtime.

In his motion, Rivera argues that the five months' delay between his conviction and parole revocation hearing denied him his right to a timely hearing.

Our resolution of this issue is dictated by the clear language of the Board's regulations concerning the timeliness of revocation hearings which provide in pertinent part at 37 Pa. Code §71.4, 7 Pa. B. 490, that where the parolee who has pled guilty to criminal charges is confined in a county correctional institution, the final revocation hearing shall be held within 120 days of official verification of the Board of the parolee's return to a state correctional facility.

In the instant case, the 120-day period within which Rivera's parole revocation hearing was required to be held did not begin to run until November 23, 1977, the date of his transfer to a state correctional institution. The hearing was held on March 7, 1978, within the 120-day period which lapsed on March 23, 1978. Thus, we conclude the hearing was timely held. *See Thomas v.*

glary, and that the charges of criminal trespass, theft by unlawful taking or disposition and receiving stolen property were later dropped.

*Pennsylvania Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 17, 391 A.2d 714 (1978).

In his supporting affidavit, Rivera apparently raises a further challenge to his hearing, objecting to the interpretive services afforded him at the hearing. Cognizant of the fact that Rivera is unlearned in the law, we will consider and dispose of this objection as well, though not properly included in his affidavit.[3]

Rivera appears to be contesting the adequacy of the interpretive services solely because of the interpreter's status as an inmate.[4] However, Rivera has not alleged any facts that the interpreter was incompetent, or that he ever refused a request by Rivera to translate or explain, or any other objection that would indicate that the interpretive services were so inadequate as to amount to a denial of due process. *See Commonwealth v. Pana,* 469 Pa. 43, 364 A.2d 895 (1976).

Accordingly, we

ORDER

AND Now, this 8th day of June, 1979, the motion of the Pennsylvania Board of Probation and Parole for summary judgment in the above captioned case is granted, and the motion of Domingo Rivera for summary judgment is denied.

---

[3] The signed and sworn affidavit submitted by Rivera contains numbered sentences one through 18, all of which pertain to the timeliness of the hearing. Following his signature and notary seal is a separate page containing a paragraph preceded by the number 19. The bottom of this page is not signed by Rivera.

[4] Rivera calls our attention to "Title 17 ss. 1875" which we construe to refer to Section 1 of the Act of July 7, 1919, P.L. 725, *as amended,* 17 P.S. §1875, which allows courts of common pleas, at their discretion, to appoint and hire official interpreters to be paid from the county treasury.