421 A.2d 1021

**Purcell BRONSON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania BOARD OF PROBATION AND PAROLE.**

Supreme Court of Pennsylvania.

Argued Dec. 13, 1979.

Decided March 20, 1980.

Reargument Denied Nov. 14, 1980.

Purcell Bronson in pro. per.

Robert A. Greevy, Asst. Atty. Gen., Dauphin County, for appellee.

John W. Packel, Chief, Appeals Div., Defender Ass'n of Philadelphia, amicus curiae.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

NIX, Justice.

The underlying issue in this appeal is the right of an indigent prisoner, confined as a result of a parole violation

determination by the Pennsylvania Board of Probation and Parole, to have counsel provided to assist him in his attempt to challenge the validity of that determination. The inadequate and confusing record before us provides the strongest possible argument for the need of counsel in such proceedings. It would be virtually impossible from the information provided by this record to not only assess the merits of appellant's complaints relating to his recommitment but even to identify, with any degree of certainty, the precise nature of appellant's complaints.[1] The appellee argues that there is no right to appointed counsel because the proceeding was civil in nature and did not involve an attack on the convictions or the sentence.

1. The Board has interpreted appellant's complaint as being directed to the timeliness of the revocation hearing. In his first petition to the Commonwealth Court, appellant set forth his complaints as follows:

As grounds for said motion it is averred:

1) That your petitioner is being illegally and unlawfully detained in the above named institution in violation of his constitutional right to due process and the equal protection of law.

2) That the allegations are:

(a) Petitioner's commitment as a parole violater is in direct violation of 37 Pa.Code sec. 71.4(1).

(b) Petitioner's commitment as a parole violater is in direct violation of the equal protection and due process clause of the Fourteenth Amendment to the United States Constitution.

(c) That petitioner was denied his right to a speedy parole revocation hearing.

(d) That petitioner's parole agent was negligent.

In his second petition, the following allegations were made:

2. The allegations are:

a) Petitioner was denied his Fourteenth Amendment right to procedural due process of law by respondents.

b) Petitioner's parole agent was negligent in performing his function as petitioner's agent pursuant to Title 37 Pa. Code Section 71.4(1).

c) Title 37 Section 71.4 et seq. is violative of the 14th Amendment to the United States Constitution and procedural safeguards mandated by *Morrissey v. Brewer*, 408 U.S. 471 [, 92 S.Ct. 2593, 33 L.Ed.2d 484], in that it is discriminatory in nature.

d) Petitioner was denied procedural due process by respondent Graterford Record/Assessment Unit at a recommitment proceeding held on March 7, 1978 at Graterford Prison.

It is therefore clear that, although the timeliness of the revocation hearing was one of the issues raised, it was not the sole issue being relied upon.

■ The pertinent facts for a determination as to the right of counsel are as follows: Bronson was sentenced on November 15, 1973 by the Court of Common Pleas, Allegheny County, to serve a two to four year sentence charging assault by prisoner. While on parole from the original sentence, appellant was sentenced in September 1977 on new charges, arising in Delaware County, to a term of imprisonment of two to four years. After a proceeding before the Board, during which it is disputed whether appellant was represented by counsel, his parole was revoked and he was recommitted to serve the balance of his original sentence. Appellant filed with the Commonwealth Court contesting the recommitment order. *Bronson v. Brd. of Probation and Parole*, 38 Pa.Cmwlth. 294, 392 A.2d 916 (1978). The Commonwealth Court, treating the question as relating only to the 120 day rule, *see U.S. ex rel. Burgess v. Lindsey*, 395 F.Supp. 404 (E.D.Pa.1975) held that the revocation hearing was timely and granted the Board's motion for summary judgment. Appellant was not represented in this proceeding. On December 29, 1978, appellant again applied to the Commonwealth Court for relief and this request was also denied. In this action, appellant also proceeded without the benefit of counsel. An appeal from the second denial of relief by the Commonwealth Court has been made to this Court.[2] Because of the confusing state of the record and appellant's request for the appointment of counsel to assist him, we remanded the question of appellant's entitlement to court appointed counsel to the Commonwealth Court for their consideration. In response the Commonwealth Court concluded that there was no constitutional right to the appointment of counsel nor was there a need for counsel,

**2.** § 724(a). Whether this was a mandatory or discretionary appeal was one of the collateral issues before us. For reasons that will be discussed *infra* we have concluded that the instant appeal is a discretionary one pursuant to the Act of July 9, 1976, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 724(a). We, therefore, have treated Bronson's filings in this Court as a request for an allowance of appeal and granted that request.

apart from constitutional considerations, in this particular instance.[3] The matter is now before us for decision.[4]

The Commonwealth Court treated Bronson's "Petition for Review" as a civil action in the nature of a complaint in mandamus brought within the court's original jurisdiction pursuant to 42 Pa.C.S.A. 761. Thus to determine the soundness of the Commonwealth Court's result, it is appropriate to begin with examining the initial premise that appellant's complaint was an action in the nature of mandamus.

A mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Philadelphia Newspaper, Inc. v. Jerome*, 478 Pa. 484, 387 A.2d 425 (1978). A court of law of competent jurisdiction issues a mandamus to a public official, board or municipality directing them to perform a particular duty which results from their official station or operation of law. *Goodman v. Meade*, 162 Pa.Super. 587, 60 A.2d 577 (1948). A mandamus will not lie to compel discretionary acts, *Paige v. Pa. Bd. of Parole*, 311 F.Supp. 940 (E.D.Pa.1970), nor will it be issued to restrain official activities. *Board of Com'r. of Potter County v. Turner*, 33 Pa.Cmwlth. 639, 382 A.2d 1248 (1978). A proceeding in mandamus is available to compel the Board of Probation and Parole to conduct a hearing or correct a mistake in applying the law. *Davis v. Pa. Bd. of Parole*, 484 Pa. 157, 398 A.2d 992 (1979); *Moore v. Roth*, 231 Pa.Super. 464, 331 A.2d 509 (1974).

**3.** The Commonwealth Court focused only upon Bronson's right to be represented in the present appeal, this position is supported by the appellee. The amicus extended the question as to Bronson's rights to representation in the proceedings before the Commonwealth Court.

**4.** On September 4, 1979, we granted a petition filed by the Philadelphia Defender Association allowing them to file an Amicus Curiae brief and to participate in oral argument on the question of Bronson's right to counsel.

■ In *Williams v. Board of Probation & Parole*, 2 Pa. Cmwlth. 312 (1971), a recommitted parole violator brought a mandamus action against the Pa. Bd. of Probation and Parole. The plaintiff alleged that the Board erred as a matter of law in denying him "street time" served on parole. Before overruling the Board's preliminary objection to the complaint, the then recently formed Commonwealth Court found it necessary to explain its jurisdiction over the matter. The Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, § 401, 17 P.S. § 211.401,[5] gave the Commonwealth Court original jurisdiction over all civil actions or proceeding against the Commonwealth. Since the plaintiff alleged an error in applying the law and requested a mandamus against a state agency, the court reasoned that the complaint was within its original jurisdiction.

Here, without analyzing the substance of appellant's petitions for review, the Commonwealth Court summarily assumed that they were complaints in the nature of mandamus within the court's original jurisdiction. In his uncounseled petitions, appellant prays for relief from the illegal and unlawful detention "in violation of his constitutional rights to due process and equal protection." The substance of appellant's complaints concern the negligence of his parole agent and the unconstitutionality of the procedure by which he was recommitted. In neither of the petitions for review does the appellant request a mandamus. Moreover, the thrust of appellant's complaints do not involve the essential allegation for mandamus–that there was a mistake in applying the law or there was a failure of the Board to act. Rather, appellant's complaints appear to be a direct attack on the constitutionality of the entire parole revocation process. *See* note 1, *supra.* Therefore, the Commonwealth Court erred in treating appellant's petitions for review as mandamus actions. Instead, we believe that Bronson was seeking a review of the revocation of his parole.

5. Section 401 of the Appellate Court Jurisdiction Act has been substantially reenacted in the Judicial Code, Act of July 9, 1976. P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 761.

■ The Constitution of Pennsylvania was amended in 1968 to expressly provide for appeals to courts of record from administrative agencies. Section 9 of Article 5 of our Constitution states:

§ 9. Right of appeal

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

Since the Board of Probation and Parole is an administrative agency of the Commonwealth, the Constitution mandates that a person dissatisfied with its decisions must have the right to appeal that decision "to a court of record or to an appellate court."

Moreover, after the voters approved the adoption of Article 5, Section 9, the legislature implemented this new provision by amending the Administrative Agency Law of 1945. Act of June 4, 1945, P.L. 1388, *as amended* 71 P.S. §§ 1710.1–.51, *repealed* effective June 27, 1978 and *recodified* at various places in Titles 2 and 42 of the Pennsylvania Consolidated Statutes. This implementing legislation, the Act of December 2, 1968, P.L. 1135, No. 354, 71 P.S. § 1710.47, was entitled:[6]

Amending the act of June 4, 1945 (P.L. 1388), entitled "An act relating to the practice, procedure, regulations and adjudications of departments, departmental administrative boards and commissions, independent administrative boards and commissions, officers and other administrative agencies of this Commonwealth, and judicial review thereof; and preserving equitable jurisdiction in certain cases," implementing the provisions of section 9 of Article V of the Constitution of the Commonwealth of Pennsylvania by

**6.** It is clear that we may consider the title and preamble of a statute in construing the statute's meaning. Statutory Construction Act of 1970, *as amended* 1 Pa.C.S.A. § 1924 (1979 Pamphlet).

providing for a right of appeal in all cases from adjudications of administrative agencies of the Commonwealth; repealing certain provisions which restrict the applicability of the act to enumerated agencies; and repealing certain other acts and parts of acts.

It added the following provision to the Administrative Agency Law of 1945:

Section 2. The act is amended by adding after section 46, a new section to read:

Section 47. Jurisdiction of Appeals.—Where an act of Assembly expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review, or where the applicable acts of Assembly are silent on the question of judicial review, any person aggrieved by such an adjudication, who has a direct interest in such adjudication may nevertheless appeal the same in the manner provided by sections 41 through 44 of this act and the applicable Rules of Civil Procedure to the Court of Common Pleas of Dauphin County. Sections 31 through 35 of this act shall apply to all proceedings leading to an adjudication of any agency which may be appealed under this section.

Furthermore, the implementing legislation was quite clear that appeals of agency action were to be permitted henceforth:

Section 7. All acts and parts of acts are repealed insofar as they provide that there shall be no appeal from an order, decision or other action of any agency, or that the order, decision or other action of an agency shall be final or conclusive, or shall not be subject to review.

■ The legislature's determination of the appropriate forum for such appeals is the Commonwealth Court. Bronson's first attempt to appeal the parole revocation was filed on June 8, 1978, and correctly asserted that the Commonwealth Court had jurisdiction to hear his appeal. Bronson's appeal was governed by the Appellate Court Jurisdiction Act of 1970. Act of July 31, 1970, P.L. 673, No. 223, § 403, 17

P.S. § 211.403, *repealed* by the Judiciary Act Repealer Act of 1978, effective June 27, 1978, and *recodified* at 42 Pa.C.S.A. § 763 (1979 Pamphlet). Section 403 stated in pertinent part:

Section 403. Direct Appeals from Administrative Agencies.—The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of administrative agencies in any of the following cases:

(1) All appeals from administrative agencies of the Commonwealth under the Administrative Agency Law or otherwise and including appeals from the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any department, departmental administrative board or commission, independent board or commission or other agency or administrative officer of this Commonwealth having statewide jurisdiction except:

(i) matters relating to the privilege of operating motor vehicles or tractors, including the revocation or suspension of such privilege and matters relating thereto; and

(ii) matters authorized by The Pennsylvania Workmen's Compensation Act or The Pennsylvania Occupational Disease Act to be appealed to the courts of common pleas.

Clearly, the Board of Probation and Parole was encompassed within the mandate of section 403(1) and its reference to the Administrative Agency Law.

The legislative intention to channel direct appeals of decisions of the Board of Probation and Parole to the Commonwealth Court is continued in 2 Pa.C.S.A. §§ 701 & 702, and in 42 Pa.C.S.A. § 763, which were in effect when Bronson attempted to seek review in the Commonwealth Court the second time.

■ Having concluded that appellant's action in the Commonwealth Court was not a civil action in the nature of mandamus, but rather a constitutionally guaranteed appeal from the action of an administrative agency, we must determine what right to counsel was available to him in such a proceeding. It is clear that indigent criminal defendants are entitled to state–appointed counsel to assist them in resist-

ing the revocation of their parole. In *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 17, 314 A.2d 842, 846 (1973), we held that "there can be no doubt" that assistance of counsel is required at a parole revocation hearing because substantial right of the parolee may be affected. And in *Commonwealth v. Tinson*, 433 Pa. 328, 334, 249 A.2d 549, 552 (1969) we held that counsel is required at such a hearing and stated:

> The point is that counsel is required at the hearing before the Parole Board to insure that *that hearing* is constitutionally valid. . . . The recommitment hearing determined whether or not appellant would be returned to prison. There can be no question that a proceeding at which a determination of that kind was made was a "critical stage." [Emphasis in the original.]

Furthermore, the rules promulgated by the Board itself recognize that a parole violator is entitled to appointed counsel at his parole revocation hearing.[7] 37 Pa.Code § 71.4(3)(ii).

▮ Having determined that Bronson's action in the Commonwealth Court was a direct appeal from the Board's determination and that he was entitled to the assistance of counsel at his parole revocation hearing, it must follow that he also was entitled to the assistance of counsel in the prosecution of that appeal. In *Cunningham v. Maroney*, 421 Pa. 157, 159, 218 A.2d 811, 812 (1966), we held that:

> It is settled law since the decision in *Douglas v. California*, [372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)], that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Moreover, it is equally settled that a necessary incident of that right

7. As we noted in the statement of facts, it is disputed in this record as to whether Bronson was represented at the revocation hearing before the Board. Although the Board in its brief asserts that Bronson was represented, there is no transcript upon which a reviewing court could determine the validity of such a finding. The *amicus* and the *pro se* briefs by Bronson maintain the contrary. Thus, an evidentiary hearing would be required to resolve the conflict. In view of our determination, we need not be concerned at this point with this problem.

is the assistance of counsel in the task of perfecting such an appeal.

[Citations omitted.]

*Accord, Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 217, 220 A.2d 883 (1966). *See also,* Pa.R.Crim.Pro. 316(c)(iii). Because Bronson was entitled to the assistance of counsel during his parole revocation hearing, he is also entitled to the assistance of counsel during his direct appeal as of right to the Commonwealth Court. "We are helped not at all in determining appellant's constitutional rights by attaching artificial labels to describe the proceeding before us." *Commonwealth v. Tinson*, 433 Pa. at 332, 249 A.2d at 551. Whether a parole violation proceeding is properly classified as criminal, quasi–criminal or civil, we have recognized it to be a proceeding of the nature where the right to counsel is required to comport with our fundamental concepts of fairness. The same compelling considerations require the assistance of counsel in the task of perfecting an appeal from that proceeding. Cf. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

Nor can it be seriously argued that Bronson waived his right to challenge the Commonwealth Court's first ruling for failing to timely seek relief from this Court. The failure of a defendant to take an appeal "within the time allowed by law will preclude the assertion of such right *unless* the failure to do so resulted from an unconstitutional deprivation of the assistance of counsel." *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. at 159, 218 A.2d at 812 (emphasis added). Since Bronson was unrepresented in that proceeding and there was no showing that he was aware of a right to seek further redress, it is clear that there has not been an effective waiver which would preclude us from giving relief at this point.

Accordingly, the order of the Commonwealth Court is reversed and the cause is remanded to the Commonwealth Court for a counseled appeal.

LARSEN, J., concurs in the result.