Raymond J. Stanton, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, et al. and Julius T. Cuyler, Superintendent et al., State Correctional Institution at Graterford, Pennsylvania, Respondents.

Submitted on briefs to President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judge PALLADINO did not participate.

*Raymond J. Stanton,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE MENCER, February 27, 1981:

A petition for review, filed by Raymond J. Stanton (petitioner), alleging errors by the Board of Probation and Parole (Board) in recommitting him as a convicted parole violator, is before us as an appeal from the action of an administrative agency. *Bronson v. Pennsylvania Board of Probation and Parole,* Pa.    , 421 A.2d 1021 (1980).

On March 9, 1973, petitioner began serving a 4-to-14-year sentence for rape. He was paroled on October 19, 1977. While on parole, petitioner was arrested, on June 23, 1978, on charges of rape, involuntary deviate sexual intercourse, terroristic threats, corrupting the morals of a minor, and indecent assault. He was found guilty of corrupting the morals of a minor and indecent assault on November 16, 1978, for which he was sentenced on June 13, 1979 to 1 to 2 years. At a parole revocation hearing held on December 18, 1978, the Board recommended recommitment of petitioner as a convicted parole violator. The Board reaffirmed its action to recommit petitioner as a convicted parole violator on July 10, 1979 and, at that time, decided to apply petitioner's custody credit (from his June 23, 1978 arrest to his June 13, 1979 sentencing) to his new

sentence, which is to be served consecutively with his original sentence.

By prior order of this Court, this petition has been limited to the following issues:

(1) whether petitioner was denied an opportunity to be heard and/or present witnesses or other evidence at his final parole revocation hearing held on December 18, 1978, in violation of 37 Pa. Code §§71.4(3)(iv)[1] and 71.5(a),[2] and

(2) whether the Board erred in applying petitioner's custody credit to his new sentence.

However, *Bronson v. Pennsylvania Board of Probation and Parole, supra,* instructs us that one in the position of petitioner has the right to have counsel provided to assist him in his attempt to challenge the validity of his confinement as a result of a parole violation determination by the Board. Accordingly, we must not now discuss the issues raised by this appeal but must remand this matter to the Board for a further revocation hearing, at the time of which peti-

---

[1] Section 71.4(3)(iv) provides as follows:

The following procedures shall apply in those cases in which the only violation charged is the conviction for a new criminal offense:

. . . .

(3) Prior to the hearing set forth in paragraph (1) of this section, the parolee will be visited by a representative of the Board and notified, both orally and in writing, of the following:

. . . .

(iv) His right to speak, to have voluntary witnesses appear on his behalf, to present evidence by affidavit, and to present other evidence in his defense.

[2] Section 71.5(a) provides as follows:

(a) At any hearing set forth in this chapter, the parolee shall be permitted to present such witnesses as are reasonably pertinent to the issues involved. Affidavits may be presented by the parolee as well as other evidence which is reasonably pertinent to the issues involved.

tioner will be represented by counsel furnished to him by the Office of the Public Defender of Montgomery County. *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981).

ORDER

AND Now, this 27th day of February, 1981, the parole revocation of Raymond J. Stanton is vacated, with the direction that the Pennsylvania Board of Probation and Parole schedule a new hearing. It is further ordered that counsel shall be furnished to Raymond J. Stanton by the Office of the Public Defender of Montgomery County.

Judge WILLIAMS, JR. dissents.