565 A.2d 1244

**Michael Thomas HARPER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1989.

Decided Nov. 9, 1989.

Michael Thomas Harper, pro se.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, PALLADINO (P.) and SMITH, JJ.

PALLADINO, Judge.

Presently before this court are the preliminary objections of the Pennsylvania Board of Probation and Parole (Board) to the petition of Michael Thomas Harper (Petitioner) for writ of mandamus.

Petitioner alleges the following facts. On October 19, 1988, Petitioner, while on parole, surrendered to his parole officer upon learning of the positive result of his urinalysis

test for controlled substances. Following a Board hearing, Petitioner was recommitted for six months as a technical parole violator. Petitioner alleges that the Board's order to recommit does not state when the six month period ends.

Petitioner filed a pro se petition for writ of mandamus, seeking to have this court order the Board to set April 19, 1989 as the last date of the six month period. This court, on May 2, 1989, ordered this petition to be treated as a petition for review addressed to our original jurisdiction under 42 Pa.C.S. § 761 and Pa.R.A.P. 1502.

The Board filed two preliminary objections. One objection, in the nature of a demurrer, raises two issues: (1) whether Petitioner has failed to state a cause of action in mandamus because a direct appeal to the Board was available from the Board's recommitment order; and (2) whether the Board has a duty to set a parole date in its recommitment order. Another objection raises the defense of sovereign immunity.[1]

Initially, we note that "mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 554, 421 A.2d 1021, 1023 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981).

The Board argues that an action in mandamus cannot lie because "an administrative appeal was available from the Board's revocation decision."[2] Petitioner contends that the availability of an administrative appeal from the Board's order is irrelevant because he is not disputing the recommitment decision.

Because Petitioner is not disputing the Board's decision to recommit, an appeal from the decision, under 37

1. The affirmative defense of sovereign immunity is properly raised in new matter pursuant to Pa.R.C.P. No. 1030.

2. Brief of the Board at 13.

Pa.Code § 73.1(a), is not an appropriate remedy. However, the date when a recommitment period ends is clearly a determination relating to the parole revocation decision. 37 Pa.Code § 73.1(b)(1) provides in pertinent part that "a parolee ... may petition for administrative review ... of determinations relating to revocation decisions...." We conclude that administrative review is an adequate and appropriate remedy for Petitioner's objection. Consequently mandamus cannot lie.

Accordingly, the preliminary objection of the Pennsylvania Board of Probation and Parole in the nature of a demurrer, raising the issue of an alternate adequate remedy, is sustained, and Petitioner's petition for mandamus is dismissed.[3]

## ORDER

AND NOW, November 9, 1989, the preliminary objection of the Pennsylvania Board of Probation and Parole in the nature of a demurrer, raising the issue of an alternate adequate remedy, is sustained, and Petitioner's petition for mandamus is dismissed with prejudice.

---

3. Because we dismiss the petition on the first issue raised in the demurrer, we need not consider the remaining preliminary objections.