**Gene STILP, Petitioner**

v.

**Ralph CAPPY, Chief Justice of the Supreme Court of Pennsylvania, Pines A. Zygmont, Court Administrator of Pennsylvania, Robert P. Casey, Jr., Treasurer of the Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2007.

Decided Aug. 15, 2007.

Gene Stilp, petitioner, pro se.

Howard M. Holmes, Philadelphia, for respondent, Ralph Cappy.

Geri Romanello, St. Joseph, Philadelphia, for respondent, Zygmont A. Pines.

Sally A. Ulrich, Harrisburg, for respondent, Robert P. Casey, Jr.

BEFORE: COLINS, Judge,
SIMPSON, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Presently before this Court for disposition in our original jurisdiction are the preliminary objections of Ralph Cappy, Chief Justice of the Supreme Court of Pennsylvania, Zygmont A. Pines,[1] Court Administrator of Pennsylvania, and Antho-

---

1. The caption in this matter refers to "Pines A. Zygmont"; however, Mr. Pines' proper name is "Zygmont A. Pines."

ny E. Wagner,[2] Acting Treasurer of the Commonwealth of Pennsylvania (hereinafter collectively referred to as "Respondents"), to the Complaint in Mandamus and Bill of Equity (Complaint) filed, *pro se*, by Gene Stilp. We deny in part and sustain in part the preliminary objections and dismiss the Complaint.

In the Complaint, Stilp is challenging the legality of annual cost of living adjustments for all judges in the Commonwealth. The Complaint alleges that our Supreme Court's decision in *Stilp v. Commonwealth*, 588 Pa. 539, 905 A.2d 918 (2006), only ruled that judicial salaries be reinstated pursuant to Sections 1801 through 1809 of the Judicial Code, 42 Pa.C.S. §§ 1801–1809, and that the Court's decision did not give the judges automatic cost of living adjustments. The Complaint further alleges that the Supreme Court did not reinstate the Federal formula for determining future judicial salaries that was contained in Section 1810 of the Judicial Code, 42 Pa. C.S. § 1810, and that the Supreme Court specifically stated that Section 1810 was not before the Court for disposition. Therefore, the Complaint alleges, the cost of living raises are being paid illegally.

The Complaint alleges further that the Chief Justice of the Supreme Court of Pennsylvania actually controls the Administrative Office of Pennsylvania Courts (AOPC) and that the Chief Justice has directed the AOPC to grant cost of living adjustments for judges. The Complaint alleges that the cost of living adjustment issue has not been resolved in any court in the Commonwealth and no authority for granting the cost of living adjustment exists. Finally, the Complaint alleges that AOPC is giving the judiciary a cost of living increase and that the Acting Trea-

surer signs the checks that contain the cost of living adjustment.

Based on the foregoing allegations, Stilp requests that this Court order the Treasurer to not pay a cost of living adjustment for judges throughout the Commonwealth. Stilp further requests that this Court order the AOPC to end the practice of paying cost of living adjustments to all Commonwealth judges.

Respondents' filed preliminary objections to the Complaint which raise the following issues: (1) whether this Court has subject matter jurisdiction; (2) whether this Court has jurisdiction over Chief Justice Cappy; and (3) whether the Complaint is legally sufficient to establish a right to relief.

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Meier v. Maleski*, 167 Pa.Cmwlth. 458, 648 A.2d 595 (1994). The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

We will first address whether this Court has subject matter jurisdiction over this action. Respondents contend that this Court does not have subject matter jurisdiction because Stilp is in reality seeking clarification and review of a final order of the Supreme Court; specifically, the Supreme Court's decision in *Stilp v. Commonwealth*. Respondents contend that

---

**2.** This action was originally filed against then Treasurer Robert P. Casey, Jr., who has now assumed the office of United States Senator.

Mr. Wagner has been designated Acting State Treasurer by Governor Edward G. Rendell.

the proper procedure would have been to ask the Supreme Court to clarify its order and decision.

Stilp has brought this action pursuant to Section 761 of the Judicial Code, 42 Pa. C.S. § 761, which provides that this Court shall have original jurisdiction of all civil actions or proceedings against the Commonwealth government, including any officer thereof. Thus, we conclude that this Court has subject matter jurisdiction over this action. Moreover, upon review of the Complaint, we conclude that Stilp is relying on his own interpretation of the Supreme Court's decision in *Stilp v. Commonwealth* as support for his allegations rather than specifically requesting a clarification of that decision. As such, we will deny Respondents' preliminary objections based on lack of subject matter jurisdiction.

■ Next, we will address whether Chief Justice Cappy is a proper party to this action. Respondents argue that Chief Justice Cappy is not a proper party to this action for two reasons. First, Respondents contend that if Stilp has a valid claim, the proper party would be the Supreme Court as an entity and not the Chief Justice individually.

The Pennsylvania Constitution provides that the Supreme Court shall exercise supervisory and administrative authority over all the courts and that the Supreme Court shall appoint a Court Administrator and appropriate staff for the prompt and proper disposition of the business of all courts and justices of the peace. Pa. Const. art. 5, § 10; *see also* Section 1701 of the Judicial Code, 42 Pa.C.S. § 1701 (The Supreme Court shall exercise general supervisory and administrative authority over the unified judicial system.); and Section 1901 of the Judicial Code, 42 Pa.C.S. § 1902 (The Supreme Court shall appoint and may remove a Court Administrator of Pennsylvania.).

Herein, Stilp has brought this action against "Ralph Cappy in his official capacity as Chief Justice of the Supreme Court of Pennsylvania and controlling justice of the Administrative Office of Pennsylvania Courts." Complaint at Paragraph 2. However, based on the foregoing, we conclude that it is the Supreme Court as an entity that has authority over the AOPC and not the Chief Justice as the "controlling justice."[3] Therefore, the Chief Justice is not a proper party to this action. As pointed out by Respondents, if Stilp does indeed have a valid claim that claim should have been brought against the Supreme Court as an entity not the Chief Justice individually.

■ Second, Respondents contend that neither the Supreme Court nor the Chief Justice are necessary or proper parties to this action in that the calculation and publication of the annual cost of living adjustment resides with the AOPC and the Court Administrator. We disagree.

Section 2.1 of the Public Official Compensation Law[4] provides that the Supreme Court shall determine the percentage in-

---

3. *See In re Subpoena Service by the Pennsylvania Crime Commission on the Judicial Inquiry and Review Board,* 79 Pa.Cmwlth. 375, 470 A.2d 1048, 1059 (1983), *aff'd,* 512 Pa. 496, 517 A.2d 949 (1986) ("[T]he Chief Justice is the titular head, spokesman and enforcer of the orders of the collective body, but having very limited specific individual authority. In short, the Chief Justice announces and carries out the mandate of the Supreme Court but in no sense individually determines the Court's will nor alone acts as the 'Supreme Judicial Authority.'").

4. Act of September 30, 1983, P.L. 160, *reenacted* and *amended by* Section 4 of the Act of November 16, 2005, P.L. 385, 65 P.S. § 366.2a.

crease and salary amounts of the annual cost of living adjustment and that the same shall be published in the Pennsylvania Bulletin by the Court Administrator. Therefore, Respondents' contention that the calculation of the annual COLA resides with the Court Administrator and AOPC is inaccurate. While the Supreme Court may delegate this responsibility, the law clearly provides that the annual cost of living adjustment is to be determined by the Supreme Court. Therefore, we reject the Respondents' contention that the Supreme Court would not be a proper party to this action.

Accordingly, as Stilp has brought this action solely against the Chief Justice and not the Supreme Court as an entity we sustain the Respondents' preliminary objection in this regard and dismiss Chief Justice Ralph Cappy from this action.

■ Finally, we address Respondents' contention that the Complaint fails to state a claim upon which relief can be granted. We agree.

The Complaint alleges that because the Supreme Court did not grant cost of living adjustments to judges in its decision in *Stilp v. Commonwealth*, the issue has not been resolved in any court and no authority for granting the cost of living adjustment exists. We begin with a brief history of the pertinent legislation and our Supreme Court's decision in *Stilp v. Commonwealth*.

On July 7, 2005, the General Assembly passed Act 44 of 2005.[5] Act 44, otherwise known as the pay raise act, adopted specific formulas for determining compensation for the Judiciary, the General Assembly and certain high-ranking executive officials based on the federal governmental salary structure. On November 16, 2005, the General Assembly, by Act 72 of 2005[6] repealed Act 44 in its entirety.

In response to three consolidated actions challenging the constitutionality of Acts 44 and 72, our Supreme Court in *Stilp v. Commonwealth* held that the repeal by Act 72 of Act 44 was unconstitutional insofar as it reduced judicial compensation. Therefore, the Supreme Court enjoined the repeal of Act 44 in part and ordered that judicial compensation be calculated under Act 44 and that judges be reimbursed for compensation they had lost under Act 72. The provisions governing judicial compensation were set forth in Sections 1801 through 1809 of the Judicial Code, 42 Pa.C.S. §§ 1801–09. The Supreme Court ordered that these provisions remain in force. However, the Supreme Court in *Stilp v. Commonwealth* did not address the issue of whether the judges would be entitled to a cost of living adjustment as provided for in Act 44 and found in Section 1810 of the Judicial Code, 42 Pa.C.S. § 1810, as the issue was not properly before the Court, the parties were not asked to brief it, and it was speculative whether such an issue would ripen.[7]

It is against this backdrop that Stilp now alleges in his current Complaint that because the Supreme Court in *Stilp v.*

---

5. Act of July 7, 2005, P.L. 201, No. 44.

6. Act of November 16, 2005, P.L. 385, No. 72.

7. Section 1810 was entitled "Cost of living" and provided, in pertinent part, that the current annual salaries of judges would be increased by the greater of the percentage of the applicable designated Federal official during the immediately preceding period from December 1 through November 30 or the percentage increase in the Consumer Price Index for all Urban Consumers for the Pennsylvania, New Jersey, Delaware and Maryland area for the most recent twelve month period for which figures have been officially reported by the United States Department of Labor, Bureau of Labor Statistics.

*Commonwealth* did not reinstate Section 1810 of the Judicial Code there is no authority for the granting of a cost of living adjustment to the judges throughout the Commonwealth. However, contrary to the foregoing allegation, there is authority in the Public Official Compensation Law for an annual cost of living adjustment for Commonwealth judges.

The provisions of the Public Official Compensation Law were reenacted and amended by the General Assembly on November 16, 2005 by Act 72 retroactive to July 6, 2005. Section 2.1(i) of the Public Official Compensation Law expressly provides for an annual cost of living adjustment for judges, beginning January 1, 1997 and each January 1 thereafter, based on the Consumer Price Index for All Urban Consumers for the Pennsylvania, New Jersey, Delaware and Maryland area for the most recent twelve month period for which figures have been officially reported by the United States Department of Labor, Bureau of Labor Statistics immediately prior to the date the adjustment is due to take effect. 65 P.S. § 366.2a(i). Thus, the judges of this Commonwealth are clearly entitled to a cost of living adjustment pursuant to Section 2.1(i) of the Public Official Compensation Law.

In addition, we point out that the General Assembly recently enacted and the Governor signed into law legislation amending Chapter 17 of Title 42 of the Judicial Code governing compensation of judges which specifically provides for a cost of living adjustment for the twelve month period beginning January 1, 2008 based again on the Consumer Price Index for All Urban Consumers for the Pennsylvania, New Jersey, Delaware and Maryland area for the most recent twelve month period for which figures are officially reported by the United States Department of Labor, Bureau of Labor Statistics, immediately prior to the date the adjustment is due to take effect. Therefore, the fact that the Supreme Court did not reinstate Section 1810 of the Judicial Code in its decision in *Stilp v. Commonwealth* is of no moment.

■ Pursuant to Section 2.1(i) of the Public Official Compensation Law, the Court Administrator is required to publish the cost of living adjustment, as determined by the Supreme Court, in the Pennsylvania Bulletin within twenty days of the date the determination is made.[8] As such, the Court Administrator is statutorily mandated to fulfill the foregoing duty and the Court Administrator cannot be compelled to ignore this statutory obligation through this mandamus action.[9] Likewise, the Acting Treasurer cannot be compelled to ignore his statutory obligation to issue checks to the judges of this Commonwealth which contain a legally awarded cost of living adjustment.

Accordingly, we conclude that the Complaint fails to state a claim upon which relief may be granted and sustain Respon-

8. For the period beginning January 1, 2007, the Court Administrator fulfilled this statutory obligation by publishing the percentage increase and salary amounts for the judges of this Commonwealth in the Pennsylvania Bulletin at 36 Pa.B. 7955 (2006).

9. Mandamus is an extraordinary writ. *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247

(1981). It will only be granted to compel performance of a ministerial duty where the plaintiff establishes a clear legal right to relief and a corresponding duty to act by the defendant. *Waters v. Department of Corrections*, 97 Pa.Cmwlth. 283, 509 A.2d 430 (1986). Mandamus is not proper to establish legal rights, but is only appropriately used to enforce those rights which have already been established. *Id.*

dents' preliminary objections in this regard.

The Complaint is dismissed with prejudice.

Judge McGINLEY and Judge SMITH–RIBNER did not participate in the decision in this case.

### ORDER

AND NOW, this 15th day of August, 2007, the preliminary objections filed by Respondents in the above-captioned matter are sustained in part and denied in part in accordance with the foregoing opinion. It is further ordered that Ralph Cappy, Chief Justice of the Supreme Court of Pennsylvania, is dismissed from this action and Petitioner's Complaint in Mandamus and Bill of Equity is dismissed with prejudice.