IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin Derrick Barnett,                          :
                              Petitioner        :
                                                :
        v.                                      :    No.  594 M.D. 2019
                                                :    Submitted:  June 26, 2020
Pennsylvania Department of                      :
Probation and Parole and                        :
Pennsylvania Department                         :
of Corrections,                                 :
                              Respondents       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  October 9, 2020

        Before this Court in our original jurisdiction are the preliminary
objections of the Pennsylvania Board of Probation and Parole[1] (Board) and the
Department of Corrections (DOC) (collectively, Respondents) to a petition for
review in the nature of mandamus (Petition), filed by inmate Alvin Derrick Barnett
(Barnett), who is seeking recalculation of his prison sentence.  For the reasons below,
we sustain Respondents' preliminary objections and deny Barnett's Petition.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).  Also note,
the caption of this case (above) incorrectly identifies this entity as the Pennsylvania Department
of Probation and Parole.

## I. Background and Procedural Posture

On April 29, 1985, Barnett was convicted of burglary and sentenced to a term of incarceration of 1 to 10 years (Burglary Sentence). Petition at 3; Petition Exhibit (Ex.) A. His minimum sentence date was April 29, 1986, and his maximum sentence date was April 29, 1995. *Id.*

Between 1985 and 1993, Barnett served several years on his Burglary Sentence and was granted various periods of parole during this same time. Barnett was paroled on May 31, 1993, at which point he had served over five years and six months of his Burglary Sentence. Petition at 3; Ex. B. Barnett's new maximum date was April 13, 1998. *Id.*

On October 27, 1993, while on parole, Barnett incurred additional criminal charges,[2] and on September 13, 1995, he was sentenced to an aggregate term of 30 to 60 years. On February 21, 1997, his sentence was reduced to a term of 28 to 60 years (Robbery Sentence). Ex. D. Barnett is currently serving this sentence at State Correctional Institution (SCI) at Smithfield. Petition at 4. Barnett's new minimum sentence date was set at October 30, 2025, and his new maximum sentence date became October 30, 2057. Ex. D.

Barnett contends that he received credit for his Robbery Sentence beginning on October 28, 1993 (the date of his arrest), and served this sentence through June 15, 2001. Petition at 5; Ex. D. On June 15, 2001, Barnett was returned to custody on a parole violation with respect to his Burglary Sentence, even though

---

[2] These charges were for robbery, aggravated assault, arson, causing a catastrophe, and criminal attempt. Petition at 4.

it was beyond his "maximum" date of 1998, and he had already begun serving time on his Robbery Sentence. Petition at 5; Ex. E. At that point, he began serving the four years and three days remaining on his Burglary Sentence.[3] Petition at 5; Ex. A and Ex. B. Upon completion of the Burglary Sentence on June 18, 2005, Barnett was re-entered to serve the remainder of his Robbery Sentence. Petition at 6.

Barnett contends that "for reasons unknown, the [DOC] did not recommit [him] on his Burglary Sentence when he was arrested in 1993 as required by 61 Pa.C.S. §6138(a)(5)(i)."[4] Petition at 6. Barnett further argues that there is no

---

[3] In his Petition, Barnett asserts that he was "purportedly returned for [sic] custody of a parole violation with respect to the Burglary Sentence." Petition at 5.

[4] This is a reference to Section 6138(a) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a), which states, in pertinent part:

> **(a) Convicted violators.--**
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
> . . .
> (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.
> . . .
> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> . . .

**(Footnote continued on next page…)**

explanation for the DOC or the Board crediting four years and three days of time served to his Burglary Sentence in 2001 and that the DOC should not have legally taken any time after his maximum date on the Burglary Sentence. He contends that the DOC and the Board were obligated to credit his incarceration from 1993 to 1998 to his Burglary Sentence in accordance with 61 Pa.C.S. §6138(a)(5)(i). Petition at 6. Barnett asserts that, if he received his due credit from the date he was arrested in October 1993, his minimum date would be sometime in October 2021, rather than in October 2025. Petition at 7. To address these contentions, Barnett filed a Petition for Writ of Mandamus with this Court in our original jurisdiction.[5] In response, Respondents filed the preliminary objections which are currently before us.[6]

---

61 Pa.C.S. §6138(a)(1), (4), (5)(i).

[5] "Where a trial court's sentencing order is legal on its face . . . a prisoner may petition this Court in our original jurisdiction seeking a writ of mandamus to compel DOC to properly compute a prisoner's prison sentence." *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 598 (Pa. Cmwlth. 2006). This Court has held that because a sentence imposed by a trial court involves no discretion on the part of DOC, mandamus may be used to compel DOC to compute a prisoner's sentence properly. *Saunders v. Dep't of Corr.*, 749 A.2d 553 (Pa. Cmwlth. 2000). "A writ of mandamus . . . is an extraordinary remedy which compels official performance of a ministerial act or mandatory duty, as opposed to a discretionary act. The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond [doubt]." *Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth. 1997) (citations omitted). This Court has original jurisdiction over the present matter pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. §761.

[6] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595 (Pa. Cmwlth. 1994). However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id*. We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id*. When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007).

4

## II. Arguments

### A. Barnett's Argument

Barnett seeks a Writ of Mandamus from this Court to compel Respondents to recalculate his time served because, he alleges, it was unlawful to apply time from his Robbery Sentence to his Burglary Sentence, from 2001 to 2005, as his Burglary Sentence should have been completed by 2001. Petition at 7. Barnett maintains that such a recalculation will reduce his minimum and maximum sentence dates and potentially allow him earlier access to any parole programs that may be offered to elderly inmates. In addition, "it would allow him to take advantage of employment opportunities available to him through a family member and seek medical attention for a heart condition." Petition at 8.

Barnett seeks to compel Respondents "to correct the misapplication of [his] time credit . . . in accordance with applicable statutory authority," noting that his Petition "is an appropriate action in mandamus and as such this Court has original jurisdiction." Barnett's Br. at 1. Quoting *Bronson v. Commonwealth Board of Probation and Parole*, 421 A.2d 1021, 1023 (Pa. 1980), Barnett asserts that "[a] proceeding in mandamus is available to compel the [Board] to conduct a hearing or correct a mistake in applying the law." Barnett's Br. at 1. Citing *Saunders v. Department of Corrections*, 749 A.2d 553 (Pa. Cmwlth. 2000), Barnett asserts that "[a] writ of mandamus may be used to compel [DOC] to compute a prisoner's sentence properly." *Saunders*, 749 A.2d at 556; Barnett's Br. at 1.

Barnett argues that he "does not seek a review of his sentence or a determination of his parole, rather just the legal and proper application of his time credit in accordance with applicable statutory authority." Barnett's Br. at 3.

Respondents, in their preliminary objections, argue that (1) this matter falls within the Court's appellate, not original, jurisdiction and was therefore improperly raised, and (2) even if jurisdiction is proper, Barnett failed to satisfy the elements necessary for the issuance of a Writ of Mandamus.

**B. Board's Argument**

Relying on *Bronson*, 421 A.2d 1021, and *McMahon v. Pennsylvania Board of Probation and Parole*, 470 A.2d 1337 (Pa. 1983), the Board states that "[i]t is well established that challenges to the Board's revocation and recalculation decisions must be filed in this Court's appellate jurisdiction." Board's Br. at 5. In addition, the Board argues that Barnett may not now "revive his lapsed appeal rights by filing an action in this Court's original jurisdiction," as "any challenge to Board sentence calculations should have been filed in this Court's appellate jurisdiction long ago." Board's Br. at 4-5 (citing *Lizzi v. Unemployment Comp. Bd. of Review*, 353 A.2d 440 (Pa. 1976); *Calloway v. Pa. Bd. of Prob. and Parole*, 857 A.2d 218 (Pa. Cmwlth. 2004)). Specifically, the Board argues that, to the extent Barnett asserts "his original sentences were improperly calculated by the [DOC], he does not state a claim against the Board." Board's Br. at 5. Citing *Gillespie v. Department of Corrections*, 527 A.2d 1061 (Pa. Cmwlth. 1987), and *Nickson v. Commonwealth Board of Probation & Parole*, 880 A.2d 21 (Pa. Cmwlth. 2005), the Board notes that "it is well established that [the DOC], not the Board, is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." Board's Br. at 5-6. In sum, the Board argues that Barnett's Petition does not state a claim against it in this Court's original jurisdiction, and thus, the Board's preliminary objections must be sustained, and Barnett's Petition must be dismissed.

6

## C. The DOC's Argument

The DOC concurs in the Board's argument that this Court should sustain Respondents' preliminary objections in regard to Barnett's Petition because the Court lacks jurisdiction where Barnett incorrectly seeks relief in this Court's original jurisdiction rather than its appellate jurisdiction.

Further, the DOC argues that Barnett has not alleged sufficient facts to support an entitlement to mandamus relief. The DOC asserts that "the calculation of [Barnett's] sentences stems from the [Board's] revocation and recalculation procedures" and that "DOC correctly calculated [Barnett's] sentences pursuant to the court order[7] for the [R]obbery [S]entence and the [B]oard action for the [B]urglary [S]entence. Accordingly, mandamus does not lie to compel the DOC to calculate [Barnett's] sentence in the manner he seeks." DOC's Br. at 9.

The DOC argues that Barnett failed to demonstrate a clear right to relief that would require the issuance of a writ of mandamus, and although this Court may compel the DOC to compute a prisoner's sentence properly, Barnett did not establish that the DOC improperly calculated his sentence. DOC's Br. at 11. As the DOC notes, following the imposition of his Robbery Sentence in 1995, Barnett returned to state prison. At that time, he was designated as a "pending parole violator." *Id.*; Ex. B, *i.e.*, the DOC's May 23, 2018 "Moves Report." Subsequently, following the

---

[7] We note, here, that "[Barnett] previously sought relief in the Court of Common Pleas of Allegheny County by way of a Petition for Post-Conviction Relief filed on October 29, 2015[,] and Motion to Modify Sentence filed on April 16, 2018. Both actions were docketed at No. CP 02-CR-14068-1993 and denied by the sentencing court." Petition at 2, n.1.

issuance of the Board's action in June 2001,[8] Barnett was returned to custody as a parole violator with respect to his Burglary Sentence, and the DOC's "Moves Report" was changed to reflect this change in status. This 2001 Board action triggered the application of 61 Pa.C.S. §6138.

When the DOC received the information from the Board regarding Barnett's backtime on his Burglary Sentence, his sentences were recalculated accordingly. DOC's Br. at 12. "[T]ime credit was applied for the time he served on the [R]obbery [S]entence from October 28, 1993, through June 15, 2001(presumably the date the [B]oard action was issued and he was 'returned' to serve his backtime)." *Id.* From June 15, 2001, through June 21, 2005, Barnett served his backtime on the Burglary Sentence, "following which he recommenced his [R]obbery [S]entence." *Id.* The DOC argues that, "[r]egardless of the order in which these sentences were served, Barnett received all of the time credit to which he was entitled at both dockets." *Id.* The DOC asserts that, based on the information provided to it, it properly calculated Barnett's sentence, and, further, Barnett failed to establish the DOC had a duty to calculate his sentences in the manner he suggests. DOC's Br. at 13. The DOC argues that Barnett's issues are with the Board and the Board's revocation procedures, not with the DOC's calculation of his sentences, and that Barnett should have raised these issues in this Court's appellate jurisdiction when he received the Board action in 2001. Accordingly, the DOC asserts, Barnett failed to meet the elements required for the issuance of a Writ of Mandamus. *Id.*

---

[8] As the DOC explains, Barnett did not attach a copy of this Board action to his Petition. "[H]owever, based on his averment that he commenced service of his backtime on the Burglary Sentence on June 15, 2001, a reasonable inference may be made that was the date of the [B]oard['s] action." DOC's Br. at 12 n.1.

8

### III. Discussion

### A. Jurisdiction

We first address the issue of whether this matter is properly filed in this Court's original jurisdiction.

Barnett argues that Respondents misapply *Bronson* in the current case because the Court, there, found that the appellant's complaints did not involve the essential allegation for mandamus, *i.e.*, "that there was a mistake in applying the law or there was a failure of the Board to act" and that his complaints appeared "to be a direct attack on the constitutionality of the entire parole revocation process." *Bronson*, 421 A.2d at 1024; Barnett's Br. at 4. Barnett notes, however, that the Court in *Bronson* reaffirmed that original jurisdiction exists where a petitioner seeks to "compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy," which is what Barnett argues is the situation in the matter presently before us. *Bronson*, 421 A.2d at 1023; Barnett's Br. at 4.

Barnett also argues that Respondents in the present matter ignore our Supreme Court's determination in *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1130 (Pa. 2005), which held that "[w]here discretionary actions and criteria are not being contested, but rather the actions of [the DOC] in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met." *Id*. at 1130-31. Barnett maintains that he is seeking "review of the computation of his maximum date of confinement, making an action for mandamus appropriate." Barnett's Br. at 5.

9

Based on our review of the facts and arguments of the parties, we are unpersuaded by Barnett's position. To the extent Barnett is challenging a Board action from "long ago," he has missed his window of opportunity and cannot now revive an action that should have been brought in this Court's appellate jurisdiction, by all accounts, in 2001. Accordingly, we sustain the preliminary objections raised by the Board and dismiss all claims against it in the current matter. Having established same, we next consider whether Barnett has any right to relief in mandamus against DOC.

## B. Mandamus Action Against the DOC

The basis of Barnett's mandamus action lies within Section 6138(a)(5)(i) of the Prisons and Parole Code. Barnett contends that this provision required Respondents to allow him to finish the remainder of his Burglary Sentence, when he was recommitted as a result of his arrest in 1993, rather than to immediately begin serving time on his Robbery Sentence.

Barnett contends that the DOC did not apply his time credit properly and in accordance with 61 Pa.C.S. §6138(a)(5)(i), and that he established a clear right to enforce the performance of the DOC's duty. Further, he contends that time from his Robbery Sentence could not have lawfully been applied to his Burglary Sentence from 2001 to 2005 because the Burglary Sentence should have been completed by 2001. Petition at 7. Barnett argues that he has no other means of relief except the present Petition for a Writ of Mandamus. Petition at 8.

Upon review, we sustain the DOC's preliminary objections and dismiss Barnett's Petition. As Barnett provided no evidence to suggest that the DOC

10

did anything other than abide by the information it received from the Board, which he failed to appropriately and timely challenge, and having not otherwise established an entitlement to a recalculation of his sentence minimum and maximum dates, we see no basis upon which Barnett could prevail in the present matter. As the DOC correctly asserts herein: "[r]egardless of the order in which these sentences were served, Barnett received all of the time credit to which he was entitled at both dockets." DOC's Br. at 12. Any decision to be made about matters such as credit for time spent at liberty on parole or backtime, Barnett's status as a pending parole violator or a convicted parole violator, and the timing of any such determinations in this regard, were matters for the Board, not for the DOC. Accordingly, the DOC has successfully demonstrated that Barnett cannot succeed on his Petition. Thus, the DOC's preliminary objections are sustained.

## IV. Conclusion

Upon determining that we have no authority within our original jurisdiction in regard to Barnett's claims against the Board, and having determined Barnett has failed to make a claim for which his requested relief may be granted against the DOC, we sustain the preliminary objections of Respondents and dismiss Barnett's Petition.

_____
J. ANDREW CROMPTON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin Derrick Barnett, : 
                  Petitioner : 
                   : 
          v. :   No. 594 M.D. 2019
                   : 
Pennsylvania Department of : 
Probation and Parole and : 
Pennsylvania Department : 
of Corrections, : 
               Respondents : 

# **O R D E R**

**AND NOW**, this 9th day of October 2020, the preliminary objections of the Department of Corrections and the Pennsylvania Board of Probation and Parole are sustained. Accordingly, Petitioner, Alvin Derrick Barnett's Petition for Writ of Mandamus is dismissed.

_____
J. ANDREW CROMPTON, Judge